[No. 1011.   Decided December 18, 1893.]

GEORGE W. MILLER AND WILLIAM GRIFFIN, *Respondents*,
v. ANTOINE VERMURIE, *Appellant*, AND GEORGE FOR-
TIER, *Respondent*.

PARTNERSHIP — NOT ESTABLISHED BY JOINT OWNERSHIP — INSTRUC-
TIONS — WHEN ERROR NOT CURED — EXCEPTIONS.

Where an action is brought against two defendants as co-partners,
and issue is made by one of the defendants as to the partnership, it
is error for the court to charge the jury that if they find that the
goods belonged jointly to the defendants they would both be liable
for services connected with their transportation and packing.

The giving of such erroneous instructions is not cured by the giving of others which are inconsistent therewith, correctly defining the partnership relation and the facts necessary to establish it.

Where the record on appeal sets out a proper exception to instructions, and there is nothing in the record to indicate that it was not made at the time the instructions were given, it will be given force as a definite exception, although another exception, given in the record as taken ·at the time of giving the instructions, is too general to challenge the attention of the court to the particular error complained of.

An appeal will not be dismissed on account of a defective bond, until the defect has been adjudged and an opportunity given appellant to amend.

Where a notice was given for the settlement of a statement of facts and bill of exceptions, and a statement was prepared and filed at the time notice was given, the fact that the court, after consideration, finally settled the objections of appellant by bill of exceptions, is not error.

*Appeal from Superior Court, King County.*

*Hughes, Hastings & Stedman,* for appellant.

*Frank P. Lewis,* for respondents.

The opinion of the court was delivered by

HOYT, J.—By their amended complaint plaintiffs sought to recover of the defendants, as co-partners: on their first cause of action for hauling, transporting and packing certain goods; and on their second cause of action for certain merchandise sold by one Langfitt to the defendants as such co-partners, the account for which was alleged to have been assigned by said Langfitt to the plaintiffs. The defendant Fortier answered, admitting all the allegations of the complaint. The defendant Vermurie by his answer denied substantially all the allegations of the plaintiffs, and specially denied the existence of any co-partnership as between himself and the defendant Fortier. Upon the issues made by the answer of Vermurie the cause went to trial, and after the introduction of proofs on the part of the re-

spective parties the court gave to the jury, among others, the following instructions:

"If you find from the evidence that the plaintiffs hauled or packed goods and property owned jointly by the defendants, then your verdict will be in favor of the plaintiffs and against both the defendants for such sum as you may find due for such packing.

"I further instruct you that if you find from the evidence that the defendant Fortier was joint owner with the defendant Vermurie of the property and goods packed by the plaintiffs, that he is liable with the other defendant for the services rendered. It does not matter whether plaintiffs or Langfitt knew that Vermurie was such joint owner at the time the services were rendered and the goods sold, provided that you find from the evidence that said defendants were such joint owners."

To the giving of which instructions the defendant Vermurie excepted, and the sole question presented for our consideration is as to whether or not under the issues made by the pleadings such instructions correctly stated to the jury any portion of the law of the case. The issue to which these instructions were pertinent, if pertinent at all, was one which raised the question as to the existence of the co-partnership between the two defendants, and by these instructions, taken together, the court told the jury that for the purposes of the case such partnership would be established so far as to make both defendants liable by the simple fact that the goods in relation to which the labor was performed were jointly owned by the two defendants. In other words, the jury were told that if they found that the goods belonged jointly to the defendants the owners thereof would be liable for anything which might be done in relation thereto at the request of one of the owners, even although the other owner had no connection whatever with such request or with the labor performed in relation to such goods. Such instructions warranted the jury in finding that the simple fact of joint ownership constituted

the defendants co-partners so far as was necessary to establish their joint liability for any act done in reference to such goods at the request of either of the joint owners. We are unable to hold that such consequences flow from the simple fact of joint ownership of personal property. Such fact, as we understand the law, would not render either of the joint owners liable for services performed in reference to the property unless such owner in some manner was connected with the services so performed. Nor can we agree with the contention on the part of the respondent that the error incident to the giving of these instructions was cured by the fact that the court, in other instructions, correctly defined the partnership relation and the facts necessary to establish it. Such instructions were inconsistent with the ones above set out. And while they correctly stated the entire law of the case, it is impossible for us to say that the jury gave exclusive force to them and entirely disregarded the ones above set out.

The respondents make the further point that, however erroneous these instructions may have been, the exceptions taken thereto by the appellant were insufficient to authorize this court to enter into an examination thereof. The language of the exception, as it appears in one place, might be open to the objection that it was too general to challenge the attention of the court to the particular error complained of, but in immediate connection with the instructions set out in the bill of exceptions, and, so far as appears from said bill, of the same date as the general exception above referred to, appears what is denominated an assignment of errors, in which the particular instructions objected to are set out; and it is stated in connection therewith that the giving of them is the only error of which the appellant desires to avail himself on appeal. And there being nothing whatever to show that this particularizing was not done at the same time that the instructions were given, and the trial court

having settled the same as a part of the bill of exceptions in immediate connection therewith, it must be given force as a definite exception to the instructions to which objection was made.

It follows that for the error in giving the instructions complained of the judgment must be reversed, and the cause remanded for a new trial.

DUNBAR, C. J., and SCOTT, STILES and ANDERS, JJ., concur.

### ON PETITION FOR RE-HEARING.

HOYT, J.—In the petition for re-hearing filed in this cause our attention is called to the fact that in our former opinion there was nothing said as to the motion of respondents to strike the statement of facts from the record and dismiss the appeal. Such omission was an inadvertence on the part of the judge who wrote the opinion. The court had arrived at the conclusion that the motion should be denied, and thereupon entered upon an investigation of the merits, and having come to a conclusion in regard thereto assigned the case, and the one to whom it was assigned proceeded at once to a consideration of the case upon the merits, overlooking the fact that a motion had been interposed. On that account we will here briefly state our reasons for denying such motion.

This court has frequently held that it will not dismiss an appeal or affirm a judgment on account of a defect in the appeal bond until the defect had been adjudged and an opportunity to amend given to appellant. If the bond in question is defective, its insufficiency could not be taken advantage of in the manner disclosed by the record.

The other branch of the motion grows out of the fact that the errors not originally a part of the record were made a part thereof by a paper entitled a bill of exceptions, and that this being so the statute applicable to the settlement of a bill of exceptions must apply to the making

thereof a part of the record, and not that relating to the settlement of a statement of facts. The record discloses that the original notice was for the settlement of a statement of facts and a bill of exceptions, and the statement prepared and filed at the time such notice was given was so entitled, and we think that such notice and statement were sufficient to authorize the court to proceed as for the settlement of a statement of facts, and that that right was not taken away by reason of the fact that, at the suggestion of the court, in the final form to which the exceptions were reduced the paper was entitled and settled simply as a bill of exceptions. This would not be so if the certificate of the judge was not broad enough to make it a good certificate to a statement of facts, but it was thus broad.

The petition for re-hearing raises no new questions as to the merits of the case, and we do not deem it necessary to add anything to what was said in regard thereto.

Petition denied.

DUNBAR, C. J., and STILES, ANDERS and SCOTT, JJ., concur.