[No. 12222.   Department One.   March 10, 1915.]

SIBBIE P. PAYSSE et al., Respondents, v. MATTIE T. PAYSSE, Appellant.[1]

LIBEL AND SLANDER—INSTRUCTIONS—CONTRADICTORY INSTRUCTIONS. In an action for slander in orally charging that plaintiff was a bastard, it is reversible error to give instructions that are contradictory, telling the jury that, in the one charge, the words were libelous *per se*, and in a similar charge, that they were not so.

SAME—WORDS ACTIONABLE PER SE—BASTARD.   Orally charging that plaintiff is a bastard is not actionable *per se*.

SAME—INSTRUCTIONS—ISSUES AND PROOF. In an action for slander in orally charging that plaintiff was a bastard, it is reversible error to instruct the jury that there could be a recovery if the plaintiff was especially damaged, when there was no allegation or proof of special damages.

APPEAL AND ERROR—REVIEW—PRESUMPTIONS—PREJUDICE.   Upon a disputed question as to alleged slanderous statements, prejudice will be presumed where the jury were instructed that statements were actionable *per se* and malice would be presumed, necessarily resulting in damage, when the statements were not libelous *per se*.

Appeal from a judgment of the superior court for King county, Tallman, J., entered January 24, 1914, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for slander. Reversed.

[1]Reported in 146 Pac. 840.

*Reed & Hardman* and *Hughes, McMicken, Dovell & Ramsey,* for appellant.

*Tucker & Hyland,* for respondents.

MOUNT, J.—This is an action for slander. The cause was tried to the court and a jury. A verdict was returned in favor of the plaintiffs for $3,000. The defendant has appealed.

Several errors are assigned in the appellant's brief, but we think there is no merit in any of these assignments except the one upon the instructions, and that the verdict is excessive. We shall therefore proceed to discuss these assignments.

The complaint, in paragraph 2, alleged that, at a certain time, the defendant spoke these false and defamatory words, to wit:

"That the said Sibbie P. Paysse is a son of a bitch; that Sibbie P. Paysse is a bastard, that the father and mother of said Sibbie P. Paysse were never married, and I know it and I can prove it; that the said Sibbie P. Paysse's wife is a whore and that the said Sibbie P. Paysse is living with her knowing her to be such."

Paragraph 3 alleges that the defendant spoke the following words of and concerning the plaintiffs:

"That Sylvan Paysse (the father of plaintiff Sibbie P. Paysse) and Mary Paysse (the mother of plaintiff Sibbie P. Paysse) were not legally married and that the said plaintiff Sibbie P. Paysse was a bastard."

Paragraph 4 alleges that the defendant spoke the following words:

"That the said Sibbie P. Paysse had married a whore; that the father and mother of said Sibbie P. Paysse were never married and that said Sibbie P. Paysse was a bastard."

Paragraph 5 alleges that the defendant spoke the following words, to wit:

"That the said Sibbie P. Paysse had married a whore; that Belle Paysse, the wife of said Sibbie P. Paysse, was a pros-

titute; that the said Sibbie P. Paysse was a son of a bitch, and that the said Sibbie P. Paysse was a bastard."

Paragraph 6:

"That the said plaintiff Sibbie P. Paysse was a bastard, and that the wife of said Sibbie P. Paysse was a prostitute."

Paragraph 7:

"That she would not let plaintiffs see their father (meaning S. Paysse, Sr., the father of plaintiff Sibbie P. Paysse) for the reason that the said Sibbie P. Paysse was a bastard; that his wife was a disgraceful character, to wit, a prostitute."

Paragraph 8:

"That he, the said plaintiff, was not entitled to any of the property of his father (thereby meaning, and leading the said Baker to understand him to mean S. Paysse, Sr.) for the reason that said S. Paysse, Sr. and his former wife, the mother of plaintiff Sibbie P. Paysee, were never married, and that the said Sibbie P. Paysse was a bastard."

Paragraph 9:

"That the said Sibbie P. Paysse was a bastard and that his father and mother had never been married."

Paragraph 10:

"That the said Sibbie P. Paysse was a bastard; that the father and mother of the said Sibbie P. Paysse had never been married; that the wife of the said Sibbie P. Paysse was a common woman, thereby meaning a woman of low virtue and morals; that the said Sibbie P. Paysse had his said wife in the family way before marriage and was compelled to marry her; that the said wife of said Sibbie P. Paysse was no better than a common whore, and that the wife of the said Sibbie P. Paysse came from a low and immoral house, thereby leading the said persons to whom the said defamatory words were spoken to believe and understand that the wife of the said Sibbie P. Paysse had been an inmate of a house of prostitution."

For answer the defendant denied all the allegations of the complaint. Upon the trial, the court instructed the jury, among other things, as follows:

· "The slanderous words mentioned in any one of the following paragraphs of the complaint, that is, paragraphs 2, 3, 4, 5, 6, 7, 8, and 10, are, in the language of the law, libelous *per se*, that is, they are libelous and actionable in themselves, and the law implies that they were used, when spoken, if you find they were spoken as alleged in the complaint, with malicious intent to defame the character of the person or persons, of and concerning whom they were spoken, and express malice need not be proven. · . . .

"The slanderous words mentioned in paragraph 9 in said complaint, are not libelous *per se* and are not actionable in themselves, and before you can find for the plaintiffs under the allegations of that paragraph 9 of the complaint, you must find that plaintiffs have proved by a fair preponderance of the evidence, that defendant spoke said words in said paragraph 9 and further that plaintiffs have been specially damaged thereby."

It is at once apparent that these instructions are contradictory, because the words alleged to have been spoken in paragraph 9, which the court tells the jury are not libelous *per se*, are in substance the same as the words alleged to have been spoken in paragraphs 3 and 8. The court had instructed the jury that the words alleged to have been spoken in paragraphs 3 and 8 were libelous *per se*, while words of the same purport, if not exactly the same, in paragraph 9 were not libelous *per se*. It is plain, therefore, that the court improperly instructed the jury upon these paragraphs.

The rule is that:

"Oral words charging a person with being a bastard are not actionable *per se*." 25 Cyc. 268.

See, also, *Hoar v. Ward*, 47 Vt. 657.

The respondents, upon the oral argument, conceded that this was the rule of law. It is clear, therefore, that the court erroneously instructed the jury with reference to paragraphs 3 and 8. The instruction was further erroneous with reference to paragraph 9, because it told the jury that there could be a recovery upon this paragraph if it was proved and they found that plaintiffs had been specially damaged. There are

no allegations in the complaint that there were any special damages, and no proof was offered upon that subject. The court, therefore, authorized the jury to find upon a question not presented in the record.

It is argued by the respondents that, in any event, the plaintiffs were entitled to recover, and that the jury were not misled by these instructions. Whether the plaintiffs were entitled to recover or not depended upon the view the jury took of the evidence upon these different allegations. The record conclusively shows that this action arose out of a family quarrel. The plaintiffs, Sibbie P. Paysse and Belle Paysse, are husband and wife. Sibbie P. Paysse is the stepson of the defendant, Mattie T. Paysse. The record shows that they had had numerous quarrels, and these slanderous statements, if spoken at all, were spoken on account of the unfriendly relations existing between the defendant and her stepson. The evidence upon the alleged slanderous statements was disputed, so that it was a question for the jury to determine whether or not these statements, or any of them, were in fact made by the defendant. When the court told the jury that certain of the statements were actionable *per se*, and that malice would be presumed, and that damages necessarily resulted, when such statements were not libelous *per se*, it is plain, we think, that prejudice must be presumed.

Furthermore, the verdict returned in the case was for $3,000. From the surroundings of the parties to this case, it is more than probable that this large verdict was based to some extent at least upon the conclusion that the statements contained in paragraphs 3 and 8 were libelous *per se*, and that some damages were awarded therefor. The defendant was clearly entitled to correct instructions upon the questions presented, and to instructions which were not contradictory in themselves. Contradictory instructions necessarily lead to confusion. Correct instructions clear up and make plain to the jury the issues which they are to determine.

For the reason that the instructions above noticed were contradictory, erroneous, and misleading, the judgment is reversed, and the cause remanded for a new trial.

MORRIS, C. J., PARKER, HOLCOMB, and CHADWICK, JJ., concur.