[No. 12762. Department One. December 15, 1915.]

HANNAH OLIVIA JOHNSON *et al., Appellants*, v. J. C. HEITMAN *et al., Respondents*.[1]

MUNICIPAL CORPORATIONS—LAW OF ROAD—VIOLATION—NEGLIGENCE. In the absence of evidence of circumstances tending to excuse, as reasonably necessary, a failure to observe the law of the road, resulting in injury, the same is negligence, as a matter of law, as a thing done in violation of positive law.

SAME—STREETS—NEGLIGENT USE—COLLISION — LAW OF ROAD—INSTRUCTIONS. Where a city ordinance required vehicles to be driven on the right-hand side of the street, and turning at street intersections to keep to the right of the intersection, and crossing from one side of the street to the other to turn to the left so as to head in the general direction of the traffic on that side of the street, it is error to instruct the jury that, where an automobile and motorcycle were traveling on different streets which intersected at the point of collision, it was not necessarily negligent for the automobile to be on the left side of the street on which it was traveling and that the question of negligence would be a question of fact to be determined by the jury, where there was neither allegation nor proof of any excuse for the automobile's traveling on the left side of the street in violation of the ordinance of the city; since the same was negligence as a matter of law, in the absence of excuse making the same reasonably necessary.

TRIAL—INSTRUCTIONS—CONTRADICTION. Contradictory instructions necessarily lead to confusion and a party is entitled to correct instructions that are not contradictory in themselves.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS. Instructions upon the law of the road, erroneously assuming that two vehicles in collision at a street intersection were going in opposite directions,

[1] Reported in 153 Pac. 331.

are harmless, where the same rules would apply as to vehicles cross-ing each other's paths at right angles as when going in opposite di-rections.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered October 20, 1914, upon the ver-dict of a jury rendered in favor of the defendants, in an ac-tion for wrongful death.   Reversed.

*Bone & Wright* and *Gordon & Easterday*, for appellants.

*A. F. Williams*, for respondents.

Ellis, J.—Action by the widow and minor son of Frank E. Johnson, deceased, to recover damages for his death, which it is alleged was caused by the negligence of the defendants. The deceased, while riding a motorcycle westerly along South Eleventh street, in the city of Tacoma, was killed by a col-lision between the motorcycle and an automobile which was being driven by the defendant Heitman southerly along South "I" street.   The automobile belonged to the defendant Fidel-ity Rent & Collection Company.   The collision occurred at the intersection of the streets mentioned.

In the complaint, among other charges, it was averred that the collision was caused by the negligence of the defendant Heitman in driving on the left instead of the right-hand side of "I" street, contrary to the provisions of a city ordinance. In the answer, all of the allegations of negligence were denied, and an affirmative plea of contributory negligence was advanced.   This was traversed by reply.

Section 2 of the ordinance (No. 5,007) in question, so far as material, is as follows:

"All persons driving, operating or using a vehicle on any street in the city of Tacoma shall conform to and observe the following rules and regulations:

"(1)   All vehicles, except as hereinafter specified, shall be driven on the right hand side of the street.

"(2)   A vehicle meeting another shall pass to the right.

· · ·

"(6)   A vehicle turning into another street to the right shall turn the corner as near the right hand curb as practicable.

Thus

"(7)   A vehicle turning into another street to the left shall turn around the intersection of the two streets.

Thus                              Not this way

"(8)   A vehicle crossing from one side of a street to the other shall do so by turning to the left so as to head in the same general direction of the traffic on that side of the street toward which the crossing is made, except upon streets where the grade exceeds five per cent."

Thus              Not this way              Nor this way

We shall not discuss the evidence further than to say that it presents a sharp conflict as to whether or not, at the time of the collision, the automobile was being driven upon the left-hand instead of the right-hand side of the street. If it was being so driven, there was neither evidence nor offer of evidence tending to excuse or account for the fact. The jury returned a verdict for the defendants. The plaintiffs moved for a new trial on all of the statutory grounds. The motion was overruled. From a judgment of dismissal entered upon the verdict, the plaintiffs appeal.

The only question requiring extended notice is presented by the appellants' exceptions to the court's instructions touching the alleged violation by the respondent Heitman of the above quoted provisions of the ordinance. This court is definitely committed to the rule that "a thing which is

done in violation of positive law is in itself negligence," in the absence of pleading and proof of such peculiar facts as would tend to justify the violation. *Engelker v. Seattle Elec. Co.*, 50 Wash. 196, 96 Pac. 1039; *Wilson v. Puget Sound Elec. R. Co.*, 52 Wash. 522, 101 Pac. 50, 132 Am. St. 1044; *Hillebrant v. Manz*, 71 Wash. 250, 128 Pac. 892; *Anderson v. Kinnear*, 80 Wash. 638, 141 Pac. 1151.

In consonance with that rule, this court, in common with others, has repeatedly held that, in the absence of evidence of circumstances tending to excuse by making such a course reasonably necessary, a failure to observe the law of the road, resulting in injury, is negligence as a matter of law. It was so determined by this court sitting *En Banc* in the recent case of *Lloyd v. Calhoun*, 82 Wash. 35, 143 Pac. 458, in the opinion on rehearing, wherein we adopted the views expressed in the dissenting opinion on the original hearing in the same case. *Lloyd v. Calhoun*, 78 Wash. 438, 139 Pac. 231.

See, also, *Hiscock v. Phinney*, 81 Wash. 117, 142 Pac. 461; *Moy Quon v. Furuya Co.*, 81 Wash. 526, 143 Pac. 99; *Ballard v. Collins*, 63 Wash. 493, 115 Pac. 1050; *Irwin v. Judge*, 81 Conn. 492, 71 Atl. 572; *Brooks v. Hart*, 14 N. H. 307; *Brember v. Jones*, 67 N. H. 374, 30 Atl. 411, 26 L. R. A. 408; *Fenn v. Clark*, 11 Cal. App. 79, 103 Pac. 944.

It may be assumed that turning to the left to avoid an obstruction, or a part of the roadway dangerously out of repair, or an imminent collision on the right-hand side of the way, or any other fact reasonably tending to show a necessary choice of hazards in an emergency, would be sufficient, on appropriate averment and evidence, to take the question of negligence to the jury. The following decisions, cited by respondent in this connection, when confined to their facts, must be construed as merely recognizing this qualification. *Sheffield v. Union Oil Co.*, 82 Wash. 386, 144 Pac. 529; *Mickelson v. Fischer*, 81 Wash. 423, 142 Pac. 1160; *Reynolds v. Pacific Car Co.*, 75 Wash. 1, 134 Pac. 512; *Segerstrom v. Lawrence*, 64 Wash. 245, 116 Pac. 876. But no

such case is presented here.   The respondents, neither by pleading nor proof, sought to excuse the driving of the automobile on the left-hand side of the street, but were content to rest upon a denial that it was so driven.   Whether it was so driven, and whether that fact was the proximate or efficient cause of the injury, made the sum of the issues touching this phase of the question of respondents' negligence. Among many others, the court gave the following instructions, which for convenience we designate as 1, 2 and 3:

"(1)  You are instructed that by an ordinance of the city of Tacoma, having the force of law, and in effect on the 17th day of May, 1914, it is provided that 'all vehicles except as hereinafter specified, shall be driven on the right hand side of the street and it is conceded that automobiles and motorcycles fall within the purview of this provision.

"(2)  You are instructed that if you find from the evidence that the collision referred to in the pleadings resulted from the fact, if you find it to be a fact, that the defendant Heitman was at that time driving an automobile upon the left instead of the right hand side of the street, and that his driving said automobile upon the left instead of the right hand side of said street was the direct and proximate cause of the injury and death of the deceased Frank E. Johnson, and that Johnson was free from contributory negligence, then your verdict must be for the plaintiff.

"(3)  In regard to plaintiffs' charge in the complaint that Mr. Heitman was driving on the left side of I street at the time in question, you are instructed that the evidence shows that the automobile and motorcycle were traveling on different streets which intersected at the point of collision, and that in such a case it is not necessarily negligent for either the automobile or the motorcycle to be on the left side of the street on which it was traveling, and whether or not it was negligence for Mr. Heitman to be driving on the left side of the street, if in fact you find that he was so driving, and whether or not this caused the injuries to and death of Mr. Johnson, is a question of fact for you to determine by a fair preponderance of the evidence just as you must determine any other fact in the case."

The necessary inferences from these instructions present a palpable contradiction. Though the first two instructions do not *in haec verba* advise the jury that driving upon the left-hand side of a street is negligence *per se*, that is their necessary import. The first declares, in substance, that, except as specified, it is unlawful to drive upon the left-hand side of the street; the second that, if the injury proximately resulted from the respondent's driving upon the left instead of the right-hand side of the street, wanting contributory negligence on decedent's part, the verdict must be for the appellants. The meaning is plain that a violation of the law of the road, as declared by an ordinance having the force of law, is negligence in law which, if resulting in injury as a proximate cause, entails a liability to the person so injured. This was a correct statement of the law as applied to the facts in evidence. *Moy Quon v. Furuya Co., supra.* Under these instructions, the only things left to the jury on this phase of the case were the two questions of fact: (1) whether in fact the respondent was driving on the left-hand side of the street, and (2) whether that fact was the proximate cause of the injury.

The third instruction, while it does not state *in haec verba* that driving upon the left-hand side of the street in violation of the ordinance is not negligence *per se*, uses language tantamount to that statement. It says in terms that such a course is not necessarily negligent. It bases this statement upon the fact that the two vehicles were traveling on different streets which intersect at the place of the collision, thus reading into the ordinance an exception which it does not contain. On the contrary, the ordinance, in clear terms, emphasized by illustrative diagrams, makes it incumbent upon the drivers of all vehicles at street intersections to keep to the right. Under this instruction, in addition to the two questions of fact above mentioned, there was left to the jury, also, the question of law whether or not it was negligence for the respondent to drive on the left-hand side of the street,

though there was no evidence tending to make the question one of fact. This, under our decisions, was error. This is obvious, for if the jury found, as permitted by this instruction, that, notwithstanding the ordinance, it was not negligence to drive on the left-hand side of the street, it must have found for the respondent, even though it further found that the automobile was driven on that side and that the driving on that side was the proximate or efficient or sole cause of the collision.

The instructions which we have numbered 2 and 3 were contradictory. The latter was clearly wrong as applied to the evidence. As said in *Paysse v. Paysse*, 84 Wash. 351, 146 Pac. 840:

"The defendant was clearly entitled to correct instructions upon the questions presented, and to instructions which were not contradictory in themselves. Contradictory instructions necessarily lead to confusion. Correct instructions clear up and make plain to the jury the issues which they are to determine."

See, also, *Rosin v. Danaher Lum. Co.*, 63 Wash. 430, 115 Pac. 833, 40 L. R. A. (N. S.) 913; *Gage v. Springston Lum. Co.*, 47 Wash. 141, 91 Pac. 558; *Elderkin v. Peterson*, 8 Wash. 674, 36 Pac. 1089; *Miller v. Vermurie*, 7 Wash. 386, 34 Pac. 1108, 35 Pac. 600.

Another instruction is criticised in that it incorrectly assumed that the two vehicles were going in opposite directions, and that, under the ordinance, it was therefore incumbent upon the driver of the motorcycle to turn to the right, and that the jury should take this fact into consideration in determining the question of contributory negligence. While the assumption was incorrect, it was not prejudicial, since the same rule would apply as to vehicles crossing each other's paths at right angles as when going in opposite directions.

The judgment is reversed, and the cause is remanded for a new trial.

Morris, C. J., Chadwick, Mount, and Fullerton, JJ., concur.