[No. 12777.   Department Two.   December 31, 1915.]

JOHN W. DUNN et al., *Respondents*, v. PUGET SOUND TRACTION, LIGHT & POWER COMPANY, *Appellant*.[1]

CARRIERS—INJURIES—TAKING ON PASSENGERS—WHO ARE—INSTRUCTIONS. Upon an issue of fact as to whether plaintiff was a passenger upon defendant's street car, it is error to instruct the jury that in law a person becomes a passenger when he approaches a car in such a manner that the conductor, in the exercise of reasonable care, should ascertain that such person intends to board the car.

SAME—INJURIES—TAKING ON PASSENGERS — WHO ARE — QUESTION FOR JURY. Whether plaintiff was a passenger upon defendant's street car is a question of fact for the jury, where she testified that, while the car was waiting to take on passengers, she stepped on the first step before the gates were closed and was in the act of taking the next step when the car started, while the evidence of the defendant tended to show that the entrance gates were closed and the signal to go ahead given and that the car waited for the passing traffic and was started while the conductor was issuing transfers with his back turned to the closed gate.

[1]Reported in 153 Pac. 1059.

TRIAL—INSTRUCTIONS—INCONSISTENT INSTRUCTIONS. An erroneous instruction that a person is a passenger on a street car when he approaches in such a manner that the conductor should ascertain that he intends to board the car is not cured by a subsequent instruction that a person does not become a passenger unless his attempt to board the car is made before the gates are closed; since the inconsistent instructions tend to confuse the jury.

Appeal from a judgment of the superior court for King county, Humphries, J., entered October 28, 1914, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a passenger in boarding a street car. Reversed.

*James B. Howe* and *H. S. Elliott*, for appellant.

*Brady & Rummens*, for respondents.

MAIN, J.—This is an action for personal injuries, alleged to have been received by the plaintiff Jane A. Dunn on or about January 10, 1914, while in the act of boarding one of the defendant's street cars. The trial of the case resulted in a verdict and judgment in favor of the plaintiffs.

The plaintiffs' evidence was to the effect that, after the defendant's street car came to a stop at Second avenue and Pike street, in the city of Seattle, for the purpose of taking on passengers, and after other passengers had boarded the car and while the gates were still open, Mrs. Dunn got upon the first step of the car and was in the act of putting her foot on the next step, when the car started, and she was thrown to the pavement and sustained the injuries of which she complains.

According to the defendant's evidence, the car had stopped at Second avenue and Pike street, and after some passengers had gotten aboard and others had gotten off, the entrance gates were closed and the motorman was given the signal to go ahead, but that the car stood for a few seconds, probably on account of the passing traffic, and while the conductor was issuing transfers and his back was turned to the closed gate, the car was started; and after it had moved four

or five feet, Mrs. Dunn was observed lying on the pavement approximately seven feet from the car.

In submitting the cause to the jury, the trial court, in at least two instructions, told the jury that in law one becomes a passenger on a street car when he approaches the car in such a way or manner that the conductor in charge of the car, in the exercise of reasonable care, should ascertain that such person intends to board the car. So instructing the jury was error. *Baltimore Traction Co. v. State*, 78 Md. 409, 28 Atl. 397; *Donovan v. Hartford St. R. Co.*, 65 Conn. 201, 32 Atl. 350, 29 L. R. A. 297; *Duchemin v. Boston Elevated R. Co.*, 186 Mass. 353, 71 N. E. 780, 104 Am. St. 580, 66 L. R. A. 980.

While, as stated in 4 R. C. L., p. 1037, it is probably "impossible to give an exact formula prescribing the acts necessary to create the relation of carrier in such cases," yet it is not necessary in this case to attempt to state the exact rule by which in all cases it can be determined whether the relation of carrier and passenger existed or not. If the facts are as testified by the witnesses for the respondents, under all authority Mrs. Dunn was a passenger at the time she received the injury. On the other hand, if the facts are as testified to by the witnesses for the appellant, there is no authority under which she would be a passenger. This conflicting evidence presents a simple question for the jury to determine. The question could easily have been presented in a brief and pointed instruction.

It is true that in other instructions the jury was told that a person attempting to board a street car does not become a passenger unless such attempt is made while the gates are open; and the fact that one partially succeeds in boarding the car after the gates are closed for the purpose of permitting the car to proceed on its way does not make such person a passenger. Under the instructions thus given to the jury, inconsistent rules were stated by which the appellant's liability, if it existed, was to be measured. The giving of

inconsistent instructions tends to confuse the jury; and the fact that one instruction may correctly state the law as applicable to one theory of the case does not necessarily cure the error caused by an inconsistent and erroneous statement of the law. *Paysse v. Paysse*, 84 Wash. 351, 146 Pac. 840; *Johnson v. Heitman*, 88 Wash. 595, 153 Pac. 331.

The judgment will be reversed, and the cause remanded with direction to the superior court to grant a new trial.

MORRIS, C. J., HOLCOMB, PARKER, and ELLIS, JJ., concur.