[No. 15789. Department Two. June 25, 1920.]

Roy Casey, *a Minor, by his Guardian ad Litem,
Henrietta Casey, Appellant,* v. C. W. Williams,
*Respondent.*[1]

LANDLORD AND TENANT (77, 83)—DEFECTIVE PREMISES—INJURY TO TENANT—NEGLIGENCE—EVIDENCE—SUFFICIENCY. There being substantial evidence that a landlord had notice of the defective condition of a porch railing, which gave way and injured a tenant, who was not guilty of contributory negligence, it was error to direct a verdict for the defendant notwithstanding a verdict for the plaintiff for the personal injuries sustained.

APPEAL (488)—DECISION—REMAND FOR FURTHER ACTION. Upon reversing a judgment for defendant, notwithstanding the verdict of a jury for the plaintiff, judgment will not be entered on the verdict when the trial court did not dispose of defendant's motion for a new trial.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered October 18, 1919, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a minor through the breaking of a porch railing. Reversed.

*J. W. Anderson,* for appellant.
*Emil N. Stenberg,* for respondent.

FULLERTON, J.—On August 5, 1916, the respondent, being then the owner of a certain house and lot situated in the city of Tacoma, leased the same to the appellant guardian and one Rinke. The house was a two-story structure. On the back side of the house was a porch, enclosed on the open side by a balustrade, the railing of which was fastened by nails to the upright supports of the porch. The evidence tended to show, and the jury were warranted in finding, that, at the time of

[1]Reported in 190 Pac. 1011.

the rental, the landlord was informed that Rinke, with his family, intended to occupy the lower story, and that the guardian, with her family, consisting of herself, a minor son and a minor daughter, intended to occupy the upper story. The parties moved into the house some four days after the lease was entered into, and two days later the minor son went onto the porch, and while there started to pass or throw to his sister, who was on the ground below, a magazine or some like periodical. In doing so, he laid his hand upon the railing of the balustrade mentioned, and possibly leaned thereon, when it gave way, falling to the ground below and carrying the boy with it. From the fall the boy received severe and permanent injuries. In this action recovery is sought for the injuries so suffered. The cause was tried to a jury, which returned a verdict in favor of the appellant for two thousand dollars. A motion for judgment notwithstanding the verdict, or the alternative for a new trial, was interposed, and the first branch of the motion was sustained. A judgment of dismissal followed, and from the judgment, this appeal is prosecuted.

The reasons which actuated the court in sustaining the motion are not disclosed by the record, save as they can be gathered from the arguments of counsel opposing and supporting the judgment entered. On many of the material issues we find no substantial dispute in the evidence. That the respondent is the owner of the premises; that he leased them to the mother of the injured boy; that the part of the porch which gave way was defective and dangerous and not discoverable by ordinary inspection; that it did give way when put to use by the boy; that, by reason thereof, he received severe and permanent injuries, and that he was guilty of no negligence which contributed to his injury, the evidence abundantly sustains. Indeed, it seems to us

that the jury could hardly have reached an opposing conclusion.

The only question upon which there is any substantial dispute is whether the respondent, at the time the lease was entered into, had actual knowledge of the defect. The evidence on the question is that of a former tenant, who testified to the defective condition of the porch and of having informed the respondent of the fact. The porch is a double structure having a floor leading out from each of the stories, and it is contended that the former tenant's evidence is uncertain in that it is not clear as to which part of the porch he was referring. But to our minds this question is hardly in doubt. The evidence was directed entirely to the condition of the upper part of the porch, and, even were his statements entirely general, the inference would follow that he was referring to the part in dispute. But it was not thus general. His attention was called specially to the railing which gave way, and he testified that it was loose and dangerous and that he told the respondent of its condition. We can but conclude, therefore, that the court was in error in his holding that there was no substantial evidence to support the verdict.

The appellant asks us to direct the entry of a judgment in accordance with the verdict. But the motion for a new trial was not disposed of by the trial court, and the respondent is entitled to have its judgment upon that question. The judgment entered will, therefore, be reversed and the cause remanded with instructions to pass upon the motion for a new trial. If the motion is granted, a new trial will be had as of course; if overruled, the court will enter judgment in accordance with the verdict.

HOLCOMB, C. J., MOUNT, TOLMAN, and BRIDGES, JJ., concur.