[No. 18241. Department One. December 7, 1923.]

O. D. BABCOCK, *Respondent*, v. M. & M. CONSTRUCTION COMPANY et al., *Appellants*.[1]

APPEAL (373)—SCOPE OF REVIEW—ON GRANT OF NEW TRIAL. Where a verdict was rendered against one of the defendants on insufficient evidence, and a new trial was ordered on plaintiff's application, upon appeal the court may review such defendant's motion for judgment notwithstanding the verdict, and dismiss the action as to him for insufficiency of the evidence.

TRIAL (89)—INSTRUCTIONS—INCONSISTENT OR CONTRADICTORY INSTRUCTIONS. Under the rule that it is prejudicial error to give inconsistent and contradictory instructions involving a material point in the case, it was error, after giving written instructions making defendant's liability depend exclusively upon the negligence of a certain servant, omitting any reference to the alleged negligence of another servant, for the court, upon attention being called to the omission, to orally instruct as to the negligence of such other servant, without explaining its relation to the contradictory instruction previously given.

[1]Reported in 220 Pac. 803.

Appeal from an order of the superior court for King county, Ronald, J., entered April 27, 1923, granting a new trial, after the verdict of a jury rendered in favor of the defendants, in an action for damages sustained in an automobile collision. Order affirmed as to appellant M. & M. Construction Company; action dismissed as to appellant Dickson.

*Tom Alderson* and *E. W. Hoffman,* for appellants.
*Silvain & Butler,* for respondent.

MACKINTOSH, J.—The appellant Dickson was the driver of an auto truck engaged in dumping dirt, for the appellant M. & M. Construction Company, over the side of a bridge in the city of Seattle. The respondent's complaint alleged that he was driving his automobile across the bridge and that Dickson carelessly and negligently backed his truck into the automobile, and that the presence of his automobile behind the truck was due to the negligent act of an employee of the M. & M. Construction Company who signalled him to pass behind the truck. The trial terminated in a verdict in favor of the appellants, but upon motion of the respondent for a new trial, one was accorded him, for the reason that the trial court believed that it had committed error in its instructions to the jury.

The appeal presents two phases; the first relates to the appellant Dickson, who, by appropriate motions during the progress of the trial, sought to have the question of his negligence taken from the jury's consideration.

It is now urged on his behalf that the testimony showed no negligence on his part and that he is entitled to have the action dismissed as to him. Upon the rehearing of the case of *Adams v. Anderson & Middleton Lumber Co.,* originally reported in 124

Wash. 356, 214 Pac. 835, we held that, where there was insufficient evidence to justify a recovery against a defendant and a verdict had been rendered in favor of the plaintiff, and subsequently a new trial has been granted upon the plaintiff's application, that, although a motion for judgment notwithstanding the verdict had been denied the defendant, upon appeal from the order granting a new trial, the court would inquire into the sufficiency of the evidence and, if found insufficient, the court would dismiss the action. The same situation is presented here, and being satisfied from an examination of the testimony that no evidence was presented justifying the jury's verdict against Dickson, the case will now be dismissed as to him.

The second phase of the case relates to the appellant M. & M. Construction Company. The court in its instructions 2, 3 and 5 told the jury that the question for its determination was Dickson's negligence, and if they found that he was not negligent, then the verdict should be returned for both defendants; or if they found respondent was guilty of contributory negligence, then there could be no recovery. After the conclusion of the reading of these instructions to the jury, the court's attention was called to the fact that instructions numbers 2, 3 and 5 excluded the question of the negligence of the employee of the M. & M. Construction Company who it was claimed had directed the respondent to move his automobile forward so that it was possible for the truck to back into it. Counsel consenting that an oral instruction might be given, the court proceeded to instruct the jury so as to cover the point suggested. The last or oral instruction was given without calling the jury's attention to the effect that it had upon instructions numbers 2, 3 and 5, and although it correctly stated the law upon the issues raised by the

testimony, it might have been very misleading to the jury, in the absence of an explanation of its relation to the prior written instructions.

We have often held that, where instructions inconsistent and contradictory are given involving a material point in the case, their submission to the jury is prejudicial, for the reason that it is impossible to know what effect they may have upon the verdict. *Mosso v. Stanton Co.,* 75 Wash. 220, 134 Pac. 941, L. R. A. 1916A 943; *Paysse v. Paysse,* 84 Wash. 351, 146 Pac. 840; *McDonald v. McDougall,* 86 Wash. 339, 150 Pac. 625; *Johnson v. Heitman,* 88 Wash. 595, 153 Pac. 331; *Dunn v. Puget Sound Tr., L. & P. Co.,* 89 Wash. 36, 153 Pac. 1059; *Firemen's Fund Ins. Co. v. Oregon-Washington R. & Nav. Co.,* 96 Wash. 113, 164 Pac. 765. These holdings do not go to the extent, however, of precluding the possibility of the trial court's correcting errors in its instructions by subsequently calling the jury's attention to the fact that erroneous instructions have been given and substituting therefor the correct statement of the law. It is entirely possible that the jury was fully apprised of the situation and that the oral instruction cured all the defects in instructions numbers 2, 3 and 5. But this court is hardly permitted to say that was the true situation, for the reason that the trial judge himself felt that that result had not been accomplished, and in granting a new trial must have decided that the jury was probably prejudicially misled by what occurred. We will, therefore, not disturb his granting of a new trial.

The judgment is reversed as to Dickson and the case against him dismissed; the award of the new trial as against appellant M. & M. Construction Company is affirmed.

MAIN, C. J., PARKER, HOLCOMB, and TOLMAN, JJ., concur.