[No. 20800.   Department One.   January 16, 1928.]

ARTHUR MCLAIN et al., Appellants, v. E. A. EASLEY
et al., Respondents.[1]

[1] FERRIES (4)—NEGLIGENT OPERATION—EVIDENCE—SUFFICIENCY. It
cannot be said as a matter of law that the operators of a ferry
were not guilty of negligence, in failing to provide sufficient
barriers to prevent a light car from being pushed off the boat
by a heavy car following, where the ascent was such as to make
it difficult to control a car coming on the boat, the barrier used
was of no strength, and a heavy chain barrier provided in the
center of the boat was not in place.

ON REHEARING.

[2] APPEAL (488)—DECISION—REMAND FOR FURTHER ACTION. Upon
the reversal of a judgment entered notwithstanding the verdict
for appellant, the case must be remanded to hear an undisposed
of motion for a new trial.

Appeal from a judgment of the superior court for
Franklin county, Truax, J., entered January 25, 1927,
in favor of the defendants, notwithstanding the verdict
of a jury in favor of the plaintiffs, in an action for
damages. Reversed.

Chas. W. Johnson and Raleigh P. Swanner, for
appellants.

Driscoll & Horrigan, for respondents.

PARKER, J.—The plaintiffs McLain and wife seek re-
covery of damages as the alleged result of the negligent
operation of a ferry boat belonging to the defendants
Easley and Morton. Trial in the superior court for
Franklin county, sitting with a jury, resulted in a
verdict awarding to the plaintiffs recovery in the sum
of $600. Thereupon the defendants moved for judg-
ment denying to plaintiffs recovery, notwithstanding

[1]Reported in 262 Pac. 975; 264 Pac. 714.

the verdict. This motion was by the trial court granted and judgment rendered accordingly. From this disposition of the case in the superior court, the plaintiffs have appealed to this court.

[1] The only question here presented is as to the sufficiency of the evidence to support the verdict. The evidence, we think, warranted the jury in viewing the facts, in substance, as follows: Respondents Easley and Morton, at the time in question, owned and operated a public cable ferry boat across the Columbia river, some eleven miles north of Pasco. The boat was of sufficient length to carry four ordinary automobiles, placed tandem thereon. The approach to the east landing was down a road descending on an approximate grade of ten per cent. At the lower end of this grade, the outer end of the apron of the boat, when landed, rested upon the ground, so that there was a short ascent of considerable steepness, up which a vehicle would have to pass over the apron onto the deck of the boat, requiring considerable skill and care on the part of the driver of the vehicle in the application of the power of the motor in making this ascent and stopping the vehicle within a very short distance, when coming onto the deck of the boat; the latter of which was necessary, not only to the safety of the driver and the vehicle, but to the safety of any other vehicle and those in it on the forward portion of the deck.

Respondents had a heavy log chain to stretch across the deck, about the middle of the boat. This chain would ordinarily be stretched a short distance above and across the deck, when it was desired to have a vehicle stop on the after portion of the deck, particularly when only one vehicle was being carried; this for the purpose of having the weight more on the after than the forward portion of the deck. This would

seem even more necessary with reference to a heavy vehicle being brought onto the deck, following a much lighter one already on the forward portion of the deck. Respondents also had a pole to place a short distance above and across the extreme forward end of the deck. This was kept in place at all times, except when vehicles were being driven off the forward end of the deck; the boat being so unloaded when coming to the landing at the end of each journey across the river. This pole was a piece of old drift wood and of but little strength. Indeed, it was not of sufficient strength to constitute any substantial resistance to a vehicle coming against it. At the time in question, the chain was left lying on the deck; so, of course, it had practically no resistance to an oncoming vehicle.

The appellants McLain and wife approached the ferry from the east, in their light Ford automobile, intending to cross on the boat to the west. They drove on the boat, up to near the pole in place at the forward end of the deck. No blocks were used against the wheels of appellants' automobile. Soon thereafter a two-ton motor truck was driven down the road and up over the landing apron onto the deck. The driver of the truck, applying the power of the motor to bring the truck up the ascent of the apron onto the deck, for some cause did not succeed in stopping the truck in a safe position behind the appellants' automobile. The truck came on and pushed appellants' automobile off the forward end of the deck into the river, the pole across the forward end readily breaking. The truck also followed and ran off that end into the river. The appellants suffered damages to their automobile and its contents, and some personal injuries.

The jury, in addition to their general verdict in favor of appellants, also were asked and made answer to special interrogatories, as follows:

"(1)   Was there any negligence on the part of defendants Easley and Morton, or either of them,. constituting a proximate cause or proximate causes of the precipitation of plaintiffs' car in the river?

"ANSWER: Yes.

"(2)   If your answer is yes, state fully what was, or were, such act or acts of negligence?

"ANSWER: In the matter of permitting the Stalnecker truck to approach and to enter upon the ferry at the time and place in question under the circumstances. We find that said defendants failed to exercise the highest degree of care and skill consistent with the practical conduct of the business."

It seems to us, that it should not be decided as a matter of law that there was not sufficient evidence to support the verdict and special findings of the jury. It may be, as argued by counsel for respondents, that the steep descent of the road to the apron and the steep ascent over the apron was not of itself a negligent maintenance of the approach to the deck of the boat; but the jury might well believe, in view of the nature of that approach and the required skill to drive the truck up over the apron and bring it to a safe stop on the after portion of the deck, that there was negligence on the part of the operators of the boat, in not providing and using more effective barriers against the truck passing onto the forward portion of the deck of the boat, and more effective barriers against appellants' automobile being pushed off the forward portion of the deck of the boat. Possibly, had more effective barriers been used, the truck would not have pushed appellants' automobile off the forward end of the boat; or, possibly, the truck would not have even reached or touched appellants' automobile, and thus appellants' damages been entirely prevented, or, in any event, very much lessened.

It is to be remembered that, in the operation of the ferry, respondents were common carriers and charged with a high degree of care, looking to the safety of the carrying of persons and property. In *Meisle v. New York Central etc. R. Co.*, 219 N. Y. 317, 114 N. E. 347, Ann. Cas. 1918E 1081, we find an illuminating discussion of a problem much like that here involved, which lends strong support to the conclusion we here reach.

We conclude that it should not be decided as a matter of law that the evidence fails to support the verdict of the jury. Therefore, the judgment of the trial court, denying to appellants relief notwithstanding the verdict, is reversed, and the case is remanded to the trial court with directions to enter its judgment awarding to appellants recovery in accordance with the verdict.

MACKINTOSH, C. J., TOLMAN, FRENCH, and MITCHELL, JJ., concur.

ON REHEARING.

[*En Banc.* February 27, 1928.]

PER CURIAM.—Having considered respondents' petition for rehearing, the court adheres to the decision rendered by Department One in so far as that decision reverses the judgment of the superior court in awarding judgment in favor of respondents notwithstanding the verdict.

Our attention is now called to a manifest error, inadvertently made, in the remanding of the case to the superior court and directing the entry of judgment upon the verdict rendered in favor of appellants. There had been made by respondents in the superior court, not only a motion for judgment notwithstanding the verdict, which motion was granted, but also, in the alternative, a motion for new trial, which was not disposed of; this because there was no occasion for the court considering the motion for a new trial after

granting the motion for judgment notwithstanding the verdict. This condition of the record was overlooked in the Departmental decision. It is plain, under our previous holdings, that upon the reversal of the judgment notwithstanding the verdict, there being a motion for new trial undisposed of, the case should have been remanded to the superior court for disposition of that motion and for further proceedings. *Paich v. Northern Pac. R. Co.,* 86 Wash. 379, 150 Pac. 814; *Casey v. Williams,* 111 Wash. 348, 190 Pac. 1011; *Goldsby v. Seattle,* 115 Wash. 566, 197 Pac. 787; *Jackson v. Mitsui & Co.,* 132 Wash. 395, 232 Pac. 317.

We therefore now remand the case accordingly. To this extent the decision of Department One disposing of the appellants' appeal to this court, is corrected.