[No. 21490. Department One. December 4, 1928.]

ARTHUR McLAIN et al., Respondents, v. E. A. EASLEY et al., Appellants.[1]

Driscoll & Horrigan, for appellants.

Chas. W. Johnson and Raleigh P. Swanner, for appellants.

TOLMAN, J.—This case was previously heard on the appeal of the plaintiffs from a judgment non obstante veredicto, 146 Wash. 377, 262 Pac. 975. The judgment was there reversed and the cause remanded with instructions to pass on the defendants' motion for a new trial. The trial court denied the motion for a new trial, entered judgment on the verdict, and defendants have now appealed from that judgment.

[1]Reported in 272 Pac. 66.

The facts were considered with some detail on the previous appeal and need not again be set forth.

■■ The only errors now assigned which are properly before us relate to instructions given, and if any of these instructions be erroneous the denial of the motion for a new trial and the entry of judgment on the verdict were also error.

The first instruction complained of reads:

"The law of this state provides that every person obtaining a license to keep a ferry shall keep a sufficient number of discreet and skillful men to attend and manage the same; and he shall also at all times keep the place of embarkation and landing in good order and repair, by cutting away the bank of the streams so that persons and property may be embarked or landed without danger."

The answer to the criticism of this instruction seems to be twofold. First, the complaint alleged that these duties devolved upon defendants as ferrymen and the answer, without denial of the duties, averred a full performance. Second, even though the statute, Rem. Comp. Stat., § 5467, does not apply to inter-county ferries, which we by no means now hold, yet a like duty is created by common law, and one inviting the public to patronize his utility is bound to use at least reasonable care in all respects to safeguard those who patronize it.

■ The court gave an instruction (No. 9) which casts upon appellants the duty of using the highest degree of care consistent with practical operations, not only as to operations, but also as to equipment, the selecting of its employees and preparing the approaches. In thus including elements other than operations, the instruction seems to go beyond what is recognized as a general rule, and the form of the instruction, with its sweeping reference to previous in-

structions, seems to so emphasize the error that a subsequent instruction (No. 11) giving the proper rule as to the equipment, the manning of the ferry, and the approaches, can hardly be said to have cured the error. Respondent in this respect relies upon *Harris v. Seattle, Renton & Southern R. Co.*, 65 Wash, 27, 117 Pac. 601, where the same type of error was discussed, but there the error was less pronounced, was followed immediately by the curative instruction, and the court could clearly see that the jury had not been misled. More nearly in point is the case of *Firemen's Fund Insurance Co. v. Oregon-Washington Railroad & Navigation Co.*, 96 Wash. 113, 164 Pac. 765, where it was said:

"The trial court, in other portions of the charge to the jury, properly defined the degree of care resting upon the defendant, but the vice in the instructions is that they are absolutely contradictory and inconsistent. In one place the jury is told that the defendant must exercise the highest degree of care consistent with the practical conduct of its business, and in other places in the charge it is told that the defendant need only exercise ordinary and reasonable care in the light of the attending circumstances and surroundings. The instructions are irreconcilable and set up for the guidance of the jury contradictory rules pertinent to a material and vital issue in the case. Under such circumstances, it is impossible for the court to say which instruction the jury followed. One of the instructions was erroneous, and it may be the jury followed that one. The instructions being thus inconsistent and contradictory upon a material and pivotal point in the case, the error must be regarded as prejudicial, requiring a reversal."

Here, though the litigation has been long drawn out and the judgment is small, and much as we would like to put an end to the case, there is too strong a presumption that the jury was misled by the erroneous instruction to permit us to do so.

The judgment is reversed with instructions to grant a new trial.

FULLERTON, C. J., MITCHELL, and BEALS, JJ., concur.