[No. 22703. Department One. April 22, 1931.]

M. R. MATTESON et al., *Respondents*, v. HENRY F. THIEL, *Appellant*.[1]

*Roberts, Skeel & Holman* and *Frank Hunter,* for appellant.

*George B. Cole* and *John Wesley Dolby,* for respondents.

MITCHELL, J.—Mr. and Mrs. Matteson brought this action against Henry F. Thiel, M. D., for damages on

[1]Reported in 298 Pac. 333.

account of alleged negligence in a surgical operation on Mrs. Matteson. She had an abdominal operation in 1915, and two others for the same trouble, one in 1922 and another in 1923. All of those operations were by surgeons other than the defendant. In June, 1927, the defendant operated on her for the same malady. After this operation, she suffered pain in her lower left abdomen until June, 1929, when another surgeon removed a round, curved, surgeon's needle from her lower left abdomen.

Defendant admitted in his testimony that the needle is the kind that he and other surgeons commonly use in operating in the lower abdomen, and in his pleading and testimony denied that he left the needle in her abdomen. Her testimony tended to show that after the defendant operated, "the pain was terrible, practically all the while until the needle was removed, especially the last six or seven months"; that she had no such pains prior to his operating nor any after the needle was removed. The testimony on her behalf tended to show, further, that all needles used and available in the three operations, prior to the one performed by the defendant, were accounted for, and that not one of them was left in the body of the plaintiff.

The trial by a jury resulted in a verdict for the defendant. Plaintiffs' motion for a new trial on the several statutory grounds was granted, as expressed in the order, "solely by reason of the giving of instruction No. 6." Defendant has appealed from the order.

■ Instruction No. 3, in effect, stated that negligence must be proved by a fair preponderance of the evidence by the one alleging it; that the defendant surgeon is presumed to have properly used due care; and that if the jury found the weight of the evidence in favor of the defendant, or equally balanced, the verdict should be for the defendant.

Instruction No. 5 was as follows:

"You are further instructed that plaintiffs are not required to prove their case beyond a reasonable doubt nor by direct and positive evidence. It is only necessary that plaintiffs show a chain of circumstances from which the ultimate fact required to be established is reasonably and naturally inferable; that is, if you believe from a fair preponderance of the evidence in this case that the needle in question was not left in the abdomen of plaintiff, Mrs. Matteson, by the surgeon who performed the previous operations, but that it was left in the abdomen of said plaintiff, Mrs. Matteson, by the defendant in this case, at the time he operated upon her on May 23, 1927, then and in that event plaintiffs are entitled to recover such damages as you believe from all the evidence said plaintiff has suffered and sustained."

The controlling feature of instruction No. 5 was taken from the case of *Helland v. Bridenstine*, 55 Wash. 470, 104 Pac. 626, a malpractice case, wherein it was said:

"The respondent [plaintiff] was not required to prove her case beyond a reasonable doubt, nor by direct and positive evidence. It was only necessary that she show a chain of circumstances from which the ultimate fact required to be established is reasonably and naturally inferable."

Besides, no exception was taken to any part of instructions No. 3 and No. 5 by either party to the action, so that they became the law of the case. But, upon request of the defendant, appellant here, the court gave instruction No. 6 as follows:

"You are instructed that where circumstantial evidence is relied upon to establish a cause of damage or injury, mere circumstances in a case of this kind are not sufficient to establish a case against the defendant, unless they exclude every reasonable hypothesis of other operating surgeons having inadverently left the needle in the plaintiff. If the circumstances do not

exclude such an hypothesis as unreasonable, your verdict must be for the defendant surgeon.''

. Counsel for the appellant have cited a number of cases and devoted most of their argument to propositions related to the particular question involved, but not to the precise question of the conflict in these instructions. Upon this question the brief of the respondents, in setting out the remarks of the trial judge upon deciding the motion for a new trial, correctly describes the situation, in our opinion. In ruling on the motion and directing the order granting a new trial, the trial judge remarked of instruction No. 6 as follows:

''It, in effect, advises the jury that where circumstantial evidence is relied upon, the plaintiff cannot recover unless the circumstances exclude every reasonable hypothesis of other operating surgeons having, inadvertently, left the needle in the plaintiff, or, in other words, that the circumstantial evidence must prove the case beyond a reasonable doubt. In several other instructions the rule was correctly stated that the burden was upon the plaintiff to prove its case by a preponderance of the evidence. Instruction No. 6 is inconsistent with this rule.''

The second contention on the part of appellant is that, if instruction No. 6 be considered erroneous within itself, such error is cleared up by other instructions. The trial court held contrary to this argument also, and we think correctly so. As was said in one of our former cases,

''The instructions are irreconcilable and set up for the guidance of the jury contradictory rules pertinent to a material and vital issue in the case. Under such circumstances, it is impossible for the court to say which instruction the jury followed.'' *Firemen's Fund Ins. Co. v. Oregon-Washington R. & Nav. Co.*, 96 Wash. 113, 164 Pac. 765,

cited and approved in *McLain v. Easley,* 150 Wash. 148, 272 Pac. 66. The same rule has been frequently enforced in our cases. See *Babcock v. M. & M. Const. Co.,* 127 Wash. 303, 220 Pac. 803, wherein this court said:

"We have often held that, where instructions inconsistent and contradictory are given involving a material point in the case, their submission to the jury is prejudicial, for the reason that it is impossible to know what effect they may have upon the verdict. *Mosso v. Stanton Co.,* 75 Wash. 220, 134 Pac. 941, L. R. A. 1916A 943; *Paysse v. Paysse,* 84 Wash. 351, 146 Pac. 840; *McDonald v. McDougall,* 86 Wash. 339, 150 Pac. 625; *Johnson v. Heitman,* 88 Wash. 595, 153 Pac. 331; *Dunn v. Puget Sound Tr. L. & P. Co.,* 89 Wash. 36, 153 Pac. 1059; *Firemen's Fund Ins. Co. v. Oregon-Washington R. & Nav. Co.,* 96 Wash. 113, 164 Pac. 765."

Lastly, appellant contends that the order granting a new trial should be reversed because upon all the evidence no other verdict than the one found should be allowed to stand. However, attention has already been called to sufficient evidence, we think, to warrant the holding that the case was one for the jury.

Affirmed.

TOLMAN, C. J., PARKER, MAIN, and HOLCOMB, JJ., concur.