[No. 15284-7-III.   Division Three.   August 19, 1997.]
THE STATE OF WASHINGTON, *Respondent,* v. KEITH BENNETT STUDD, *Appellant.*

---

*George M. Ahrend* and *Layman & Layman*, for appellant.

*James R. Sweetser, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

KURTZ, J. — Keith Studd appeals his conviction of second degree felony murder, contending the court erred in (1) giving an instruction regarding self-defense which the Supreme Court subsequently ruled was misleading, (2) refusing to give instructions regarding lesser included offenses, and (3) ordering the sentence be served consecutively instead of concurrently. We reverse.

## FACTS

David Castle died of a single knife wound to the chest. Mr. Studd told police he had knifed Mr. Castle, but claimed to have acted in self-defense. Mr. Studd testified the two men were fighting when Mr. Castle stated he was going to kill Mr. Studd and reached behind his back. Mr. Studd testified he feared Mr. Castle was reaching for a knife, so Mr. Studd pulled out his own knife and stabbed Mr. Castle once in the chest. David Blocker testified he witnessed the killing, asserting Mr. Studd "sucker punched" Mr. Castle and then knifed him.

The defense requested self-defense instructions, which were given.

Instruction number 18, a Washington Pattern Jury Instruction–Criminal (WPIC), stated:

> It is a defense to a charge of murder that the homicide was justifiable as defined in this instruction.

> Homicide is justifiable when committed in the lawful defense of the slayer when:

> (1) The slayer reasonably believed that the person slain intended to inflict death or great personal injury;

> (2) There was imminent danger of such harm being accomplished; and

> (3) The slayer employed such force and means as a reasonably prudent person would use under the same or similar conditions as they reasonably appeared to the slayer, taking into consideration all the facts and circumstances as they appeared to him, at the time of and prior to the incident.

The State has the burden of proving beyond a reasonable doubt that the homicide was not justifiable. If you find that the State has not proved the absence of this defense beyond a reasonable doubt, it will be your duty to return a verdict of not guilty.

Instruction number 20 stated:

A person is entitled to act on appearances in defending himself, if that person believes in good faith and on reasonable grounds that he is in actual danger of great bodily harm, although it afterwards might develop that the person was mistaken as to the extent of the danger.

Actual danger is not necessary for a homicide to be justifiable.

Mr. Studd was convicted. After his trial, the Washington State Supreme Court, in another case, found the WPIC instruction, instruction number 18, misleading. Mr. Studd now appeals.

## ANALYSIS

Was it prejudicial error for the trial court to give jury instruction number 18 offered by Mr. Studd regarding self-defense?

■ *In State v. LeFaber*, 128 Wn.2d 896, 913 P.2d 369 (1996), the Washington State Supreme Court characterized the WPIC on self-defense as having "glaring structural difficulties." The court held this instruction, which Mr. Studd asked the court to use in his trial, is misleading because the imminent danger requirement is set off and lacks connection to the reasonable belief qualifier. *Id.* at 902.

■■ Trial courts have considerable discretion in wording jury instructions. *State v. Rehak*, 67 Wn. App. 157, 165, 834 P.2d 651 (1992), *review denied*, 120 Wn.2d 1022 (1993). As a general rule, instructions are sufficient if they properly inform the jury of the applicable law without

misleading the jury, and permit each party to argue its theory of the case. *LeFaber*, 128 Wn.2d at 903. For erroneous instructions to require reversal, prejudice must be shown. *Brown v. Spokane County Fire Protection Dist. No. 1*, 100 Wn.2d 188, 196, 668 P.2d 571 (1983). In other words, error is not prejudicial "unless it affects, or presumptively affects, the outcome of the trial." *Id.* at 196.

■ It is well settled in Washington that it is prejudicial error to give irreconcilable instructions upon a material issue in the case. *Hall v. Corporation of Catholic Archbishop*, 80 Wn.2d 797, 804, 498 P.2d 844 (1972); *Smith v. Rodene*, 69 Wn.2d 482, 486, 418 P.2d 741, 423 P.2d 934 (1966). Where instructions are inconsistent or contradictory on a given material point, their use is prejudicial because it is impossible to know what effect they may have on the verdict. *Hall*, 80 Wn.2d at 804; *Matteson v. Thiel*, 162 Wash. 193, 298 P. 333 (1931); *Babcock v. M.&M. Constr. Co.*, 127 Wash. 303, 220 P. 803 (1923).

Here, the jury instructions may be interpreted as conflicting. Instruction number 18 is reasonably interpreted to require actual imminent danger, while instruction number 20 states a person may act on appearances and actual danger is not necessary. It is impossible to discern which instruction the jury relied upon in convicting Mr. Studd. It is likewise impossible to determine whether the jury found sufficient evidence under both instructions.

■ The State argues Mr. Studd may not now complain about an instruction he proposed under the "invited error" doctrine. Generally, defendants are not allowed to request an instruction at trial and later seek reversal on the basis of claimed error relating to the same instruction. *State v. Henderson*, 114 Wn.2d 867, 868, 792 P.2d 514 (1990). The policy underlying this rule is the courts do not want to encourage defendants to mislead the court and, therefore, provide a reason for appeal. *Id.* at 868. However, this case poses a unique situation. Defendants offered a Washington Pattern Jury Instruction which at the time

was upheld by this court, only later to be struck by the Supreme Court as an ambiguous and erroneous statement of the law. *LeFaber*, 128 Wn.2d at 901-02. This case presents circumstances which justify an exception to the invited error rule.

The State argues if error is found, it is harmless because the remaining instructions accurately stated the law and because the imminence of harm was not at issue in this case. This argument is not persuasive. A legally erroneous instruction cannot be saved by the test for sufficiency. *LeFaber*, 128 Wn.2d at 903. Before assessing whether the instructions were sufficient to allow a party to argue its theory of the case, the court must first decide if the instruction accurately states the law without misleading the jury. *LeFaber*, 128 Wn.2d at 903. Here, instruction number 18 cannot be saved by reference to other instructions. Because instruction number 18 is a Washington Pattern Jury Instruction judged ambiguous and erroneous by the Washington State Supreme Court, giving it to the jury was prejudical error. In view of this decision, other issues raised by Mr. Studd on appeal shall not be considered. Mr. Studd's conviction of second degree felony murder is reversed.

SWEENEY, C.J., and THOMPSON, J., concur.

Review granted at 134 Wn.2d 1010 (1998).