[No. 27805. Department Two. June 10, 1940.]

GUS ANDERSON, *Appellant,* v. H. ROY HARRISON *et al., Respondents.*[1]

[1]Reported in 103 P. (2d) 320.

266

*Frank L. Cathersal,* for appellant.

*Horace G. Geer,* for respondents.

STEINERT, J.—Plaintiff brought suit against defendants Harrison, owners and operators of a bus line and doing business under the name of Marine View Highway Bus Company, and against their statutory insurer to recover damages for injuries alleged to have been sustained by plaintiff while riding as a passenger on a Marine View bus. The action was tried to a jury, and resulted in a verdict in favor of defendants. Judgment of dismissal was entered upon the verdict, and plaintiff has appealed.

On the morning of December 19, 1938, appellant, Gus Anderson, was a passenger on a bus operated by respondent H. Roy Harrison, in Tacoma, Washington. The bus was travelling in a westerly direction along East 11th street, toward a viaduct which crossed the Chicago, Milwaukee & St. Paul railroad yards. At the same time, a Whippet automobile was travelling in the opposite, or easterly, direction, and was descending the slope of the viaduct. The atmosphere was foggy and hazy, and the pavement was icy and slippery.

As the bus approached the easterly end of the viaduct, the oncoming Whippet automobile suddenly skidded in its descent and swerved across the road into the westbound traffic lanes. The two vehicles collided at the extreme north edge of the pavement, along which the bus was then travelling or toward which it had then turned. As a result of the collision, appellant, who was seated near the front end of the bus, claims to have been injured, and in his complaint alleged that his injuries were caused by the failure of the bus driver to exercise the degree of care required of common carriers.

The assignments of error all relate to the giving, or to the refusal to give, certain instructions.

Among other instructions given to the jury by the trial court were the following:

No. 8. "You are instructed that at the time and place of the collision here involved, the defendant H. Roy Harrison and/or the defendant H. Roy Harrison and Jane Doe Harrison, husband and wife, and/or the Marine View Highway Bus Company, were bound to exercise the greatest degree of care and diligence in the operation of their said stagecoach, and all of said defendants are liable for *the negligence* of their driver. . . ." (Italics ours.)

No. 9½. "If you find from the evidence in this case that the defendant bus was proceeding along its righthand side of the highway immediately before the accident, and that the accident was proximately caused by the sudden skidding of a Whippet Automobile onto the wrong side of the road and in front of the defendant bus at so close a distance therefrom that the defendant could not, in the exercise of the highest degree of care, compatible with the practical operation of said bus, avoid the collision with the Whippet automobile, then your verdict should be for the defendants."

No. 13. "You are instructed that the negligence of the defendants cannot be presumed merely because the plaintiff was injured. The plaintiff must prove by a preponderance of the evidence the certain acts of negligence complained of and that these acts of negligence were the proximate cause of the plaintiff's injuries, and if the plaintiff fails so to do your verdict must be for the defendants."

■ Error is assigned as to instruction No. 8 on the ground that the word "negligence," in the concluding part of the instruction, was not qualified by the word "slightest," which, if added, would have made the latter part of the instruction read "and all of said defendants are liable for the *slightest* negligence of their driver."

We cannot agree with appellant's criticism of that instruction. The charge was complete, accurate, and sufficient in the form in which it was given.

"Negligence . . . [consists of] the absence of such care, prudence, and forethought as under the circumstances duty required should be given or exercised; . . . although the terms slight negligence, ordinary negligence, and gross negligence are frequently employed to characterize particular conduct, yet the terms themselves have no distinctive meaning or importance in the law, and only imply that there has been culpable neglect under circumstances calling for different degrees of care; any injurious neglect of duty being actionable." 3 Cooley on Torts (4th ed. 1932), 363, § 478.

Answering an identical criticism of an instruction in the case of *Rich v. Campbell*, 164 Wash. 393, 2 P. (2d) 886, this court said:

"While in some of our decisions it has been held that an instruction given in the language last above quoted [slightest negligence] is not erroneous as stating the degree of negligence rendering a carrier for hire liable to his passenger, in none of our decisions has it been held erroneous to refuse to give such an instruction, when an instruction is given in substance in the language given by the court in this case."

Following the above quotation, the opinion in the *Rich* case quoted from *Jordan v. Seattle, R. & S. R. Co.,* 47 Wash. 503, 92 Pac. 284, as follows:

" 'The further statement that the appellant "is liable for the slightest negligence in said operation," is but a corollary of the rule already announced, or at least was evidently so intended by the court.' "

■■ Error is also assigned, as to instruction No. 8, on the ground that, in submitting the instruction to the jury, the trial court attempted to obliterate the word "slightest," originally appearing therein, by superimposing pencil marks upon it, and that by such

attempted obliteration the court unduly influenced the jury to disregard the very basis of respondents' liability.

Several answers may be made to that contention: (1) the form of the instruction, as it comes to us in the record, does not reveal the nature or manner of the obliteration, or, in fact, that any obliteration at all was made; (2) appellant did not except to the character or manner of deletion, and hence cannot raise that question, for the first time, in his brief on appeal; and (3) in any event, considering all the instructions as a whole, it is clear that the jury was properly instructed on the phase of the law now under consideration and that appellant was not prejudiced by the incident, although, as this court has pointed out in *Miller v. Mohr*, 198 Wash. 619, 89 P. (2d) 807, the practice of submitting instructions showing evidence of deletions by means of a pen or pencil is not to be commended.

■ Appellant assigns further error as to the three instructions as a whole, in that the court had already, in a preceding instruction, defined "negligence" as "the want of ordinary care and diligence." It is urged that the jury was thereby confused and misled as to the standard of care which respondents were required by law to exercise. The court accurately and very meticulously defined "highest degree of care," and in at least four instructions advised the jury that respondents owed appellant that degree of care. We are convinced that the jury was not misled or confused by the instructions on that issue.

■ Appellant also assigns, as one error, the giving of instructions 9½ and 13, as quoted above, and the failure to give his requested instruction No. 19. The requested instruction was to the effect that, if the bus driver's negligence concurred with that of others to produce appellant's injuries, each driver would be

legally liable. This assignment of error is based on the fact that the testimony indicated that an oil truck had crossed the road in front of the passenger bus shortly before the accident occurred, thereby preventing the bus driver from seeing the skidding automobile any sooner than he did, and that the testimony also indicated the part played by the Whippet car which was involved in the collision. Appellant therefore makes the claim that "the acts of at least two, and perhaps three,. drivers of motor vehicles concurred to create a condition which resulted in the collision;" that instructions Nos. 9½ and 13 were erroneous in that they "neglected to present the theory of liability of *joint tort-feasors;*" and that the jury should have been instructed on the law of concurring negligence as stated in his requested instruction No. 19.

There is nothing in the pleadings or in the proof to indicate, in any manner, negligence on the part of the drivers of the oil truck and the Whippet automobile, neither of whom was a party to this action. The mere fact that the oil truck momentarily cut off the bus driver's view, and the fact that the Whippet automobile skidded as it did, are clearly insufficient, in themselves, to raise any question of concurring negligence on the part of the drivers of the oil truck and the Whippet automobile. That being the case, the trial court acted properly in refusing to instruct the jury as to the law relative to "joint tort-feasors." *Crown v. Miller,* 199 Wash. 354, 91 P. (2d) 713.

As to instruction No. 13, appellant makes the further contention that the charge was erroneous to the extent that it instructed the jury that "the negligence of the defendant cannot be presumed merely because the plaintiff was injured."

Considering the contention in the light of the quoted statement alone, we have no hesitancy in saying that

it was a correct statement of law. The mere fact that injury has been sustained does not of itself, apart from the circumstances under which the injury occurred, create a presumption that it was occasioned through the negligence of the party charged therewith in the complaint. The presumption of negligence "arises not from the naked fact that an injury has been inflicted, but from the cause of the injury, or from other circumstances attending it." *Allen v. Northern Pac. R. Co.*, 35 Wash. 221, 77 Pac. 204, 66 L. R. A. 804; *Brothers v. Grays Harbor Building Co.*, 152 Wash. 19, 276 Pac. 896. Nor is that principle affected by a variance in the degree of care required to be exercised by the party charged with negligence. Even though the highest degree of care be required in a given instance, the mere fact of injury alone, apart from the causative factors, does not of itself raise a presumption of negligence.

Appellant's specific contention in this connection, as indicated in his brief, is that, where the relation of carrier and passenger exists, and the passenger is injured as the result of a collision in which the carrier is involved, a presumption of negligence will arise, shifting the burden of proof upon the carrier. This contention invokes the doctrine of *res ipsa loquitur*. The rationale of that doctrine, as interpreted by our decisions, is that, when an accident occurs, or an injury is inflicted, under circumstances which are of such an unusual character as, in the light of ordinary experience, are inexplicable except as the result of negligence of the carrier, negligence will be presumed, and the burden is then cast upon the carrier to show that its negligence did not cause the injury. *De Yoe v. Seattle Elec. Co.*, 53 Wash. 588, 102 Pac. 446, 104 Pac. 647, 1133; *Hoopman v. Seattle*, 122 Wash. 379, 210 Pac. 783; *Brothers v. Grays Harbor Building Co.*, 152 Wash. 19, 276 Pac. 896; *Wade v. North Coast Transportation Co.*,

165 Wash. 418, 5 P. (2d) 985; *Keller v. Seattle,* 200 Wash. 573, 94 P. (2d) 184.

In this case, however, the doctrine of *res ipsa loquitur* is not applicable, because it is clear from the evidence upon which the parties, respectively, relied that the collision in question was the result of a definite cause. This case is not an instance of an unsuccessful attempt to prove the precise cause, but, on the contrary, is an instance of a reliance upon definite causative facts, excluding all inferences of a cause or thing which, unexplained, does not happen, according to common experience, without fault on the part of the carrier. In such cases, the doctrine does not apply. *Anderson v. Northern Pac. R. Co.,* 88 Wash. 139, 152 Pac. 1001, L. R. A. 1917F, 1020; *Osborne v. Charbneau,* 148 Wash. 359, 268 Pac. 884, 64 A. L. R. 251; *Clark v. Bremerton,* 1 Wn. (2d) 689, 97 P. (2d) 112. See, also, 93 A. L. R. 609.

 Appellant further contends that instruction No. 13 is erroneous in that it reads *"the* proximate cause" instead of *"a* proximate cause." The contention is without merit here, for the reason that the *only* alleged negligence on which the complaint or evidence was predicated was the alleged failure of the bus driver to take the necessary precautions to avoid the collision. Since there was but one alleged or claimed proximate cause, the use of the definite article "the," instead of the indefinite article "a," was proper.

In addition to the alleged errors already considered, appellant assigns as error the failure, by the trial court, to give requested instructions Nos. 8, 10 and 20.

 Requested instruction No. 8 would have charged the jury that if it should find the facts to be as therein detailed at length, the verdict should then be for appellant. The right to have such instruction submitted is asserted by appellant under the rule that

a party is entitled to instructions presenting his theory of the case, based on the pleadings and proofs.

However, appellant's "theory of the case" was adequately, and in much more lucid form, covered by the instructions that were given. The refusal to give the requested instruction was, therefore, neither improper nor prejudicial. *Lyle v. Ginnold,* 174 Wash. 104, 24 P. (2d) 449; *Marlowe v. Patrick,* 181 Wash. 647, 44 P. (2d) 776.

■■■ Requested instruction No. 10 would have advised the jury that the negligence, if any, of the operator of the bus was not imputable to the passenger. There was no claim by respondents that any theory of imputation of negligence was applicable, nor was there any evidence from which an inference supporting such imputation could be drawn. Moreover, the trial court specifically instructed the jury that no contributory negligence on the part of appellant had been shown by the evidence. Accordingly, no question of negligence, original or imputed, on the part of appellant, was in issue, and hence the refusal of the trial court to give the requested instruction was proper. *Skates v. Conniff,* 153 Wash. 538, 280 Pac. 15; *Burge v. Anderson,* 164 Wash. 509, 3 P. (2d) 131; *Storm v. Goldberg,* 165 Wash. 36, 4 P. (2d) 1104.

■■■ By requested instruction No. 20, the court was asked to inform the jury that,

"If you find that the defendant driver . . . could have seen the approach of the said Jane Doe's [Whippet] automobile but failed to see said occurrence, and but for such failure to see the collision would not have happened, then you are instructed to find for the plaintiff. . . ."

The requested instruction was clearly erroneous, in that it would have imposed liability upon respondents if the driver failed to see what was physically capable

of being seen by him, regardless of any other circumstance that might have been involved. A common carrier is held only to the exercise of the highest degree of care compatible with the practical operation of its mode of transportation. In this instance, the duty of the bus driver did not arise from what he *could* have seen, regardless of the degree of care required of him, but, rather, from what, "in the exercise of the highest degree of care," he could have seen. Since the requested instruction did not include the qualification just noted, the trial court did not err in refusing the request. Furthermore, in an instruction given, the court made a full and correct statement of the law upon the issue involved in the requested instruction.

Finally, appellant assigns as error the denial by the trial court of appellant's motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial, and the entering of judgment on the verdict. As already indicated, no errors of law were committed by the trial court in giving, or refusing to give, instructions; and a review of the evidence likewise leads us to the conclusion that the verdict and judgment were fully justified.

The judgment is affirmed.

BLAKE, C. J., BEALS, and JEFFERS, JJ., concur.