[No. 31356.   July 7, 1950.]

HAROLD M. POTTS, *Respondent,* v. OLAF NELSON, *Appellant.*[1]

*Peyser, Cartano, Botzer & Chapman,* for appellant.

*O'Leary, Meyer & O'Leary,* for respondent.

PER CURIAM.—This action was instituted to recover for personal injuries sustained by the plaintiff and for damage to plaintiff's car, resulting from a collision of that car with one owned and operated by the defendant. The matter proceeded to trial, and at its conclusion the jury rendered a verdict for plaintiff. Judgment was accordingly entered after the denial of defendant's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. This appeal followed.

[1]Reported in 220 P. (2d) 544.

The judgment was signed and filed in the office of the clerk of the superior court for Mason county on November 4, 1949. On the same date, an order was signed and filed denying a motion for new trial and judgment notwithstanding the verdict. This order, as does the judgment, bears an endorsement by one of counsel for the defendant, appellant herein, reciting that he received a copy thereof on November 4, 1949.

Rule of Supreme Court 9(1), 18 Wn. (2d) 9-a, requires that a proposed statement of facts be *served* and *filed* in the office of the clerk of the superior court within ninety days after the date of entry of the final judgment. It has been our uniform holding since the decision in *Neis v. Pool,* 148 Wash. 646, 269 Pac. 801, the first case decided after the ninety-day rule was adopted on January 14, 1927, that failure to comply with the requirements as to the serving and filing of a proposed statement of facts will result in the striking of such statement from the record. It is equally well settled that failure so to do may be raised by motion of the opposing party or by this court on its own motion. *Johnson v. Washington Trust Co.,* 33 Wn. (2d) 84, 204 P. (2d) 505.

In the case at bar, the last day on which the proposed statement of facts could have been served and filed within the limits of the rule was February 2, 1950. We note, first, that there is nothing in the record before us indicating service of a copy of the proposed statement of facts upon respondent or his counsel within the ninety-day period, or at all, either by way of endorsement upon the original statement of facts or by a separate writing or instrument.

With reference to the filing of the proposed statement in the office of the clerk of the superior court for Mason county, the outer cover of the statement bears the following: "Received and Filed Feb 11 1950 Harry Deyette Clerk of the Superior Court Mason County, Wash. By Dorisann Morehouse Dep." The legend so endorsed is by the ordinary filing stamp, with the name of the deputy written in longhand in ink. In discussing the effect of such a file mark, we said, in *Schultz v. Anderson,* 191 Wash. 326, 71 P. (2d) 365, that the

date of the clerk's file mark upon a statement of facts was *prima facie* evidence of the time when it was filed, and, in the absence of evidence to the contrary, was conclusive. In the present case, there is no other evidence of filing.

While it is true that the statement of facts was certified by the trial judge on the 2nd of February, 1950, that fact does not serve as proof of filing, nor can we infer that the statement was on file prior to certification. In *Schultz v. Anderson, supra,* we stated that it is a matter of common knowledge that the trial court, in certifying a statement of facts, simply certifies to its contents; that that is all the court is required to do under Rem. Rev. Stat., § 391; and that it is no concern of the trial court whether the statement is timely filed or not.

It is thus apparent from the record as it has come to us that the proposed statement of facts was neither served nor filed according to the mandate of Rule 9(1). Hence, it must be stricken from the record.

Appellant assigns as error the giving of certain instructions on the ground that the evidence did not warrant their submission to the jury; permitting an attempted impeachment of one of appellant's witnesses; and the refusal of the trial court to grant judgment notwithstanding the verdict or, in the alternative, a new trial because the verdict is so excessive as to show passion and prejudice on the part of the jury. None of these questions can be determined without reference to the evidence, and inasmuch as the statement of facts is stricken, we cannot consider any of appellant's assignments of error.

It follows that the judgment must be, and it is affirmed.

---

September 8, 1950. Petition for rehearing denied.