[No. 407-1. Division One—Panel 1. May 24, 1971.]

CECIL ROBB FULLER, JR., *Respondent*, v. HARRY MORRIS ANGEL et al., *Appellants.*

*Robert V. Brown,* for appellants.

*Glenn W. Toomey,* for respondent.

WILLIAMS, J.—This was a property damage action, arising out of an automobile collision on Boren Avenue in the city of Seattle, which was tried to the court and resulted in a decision for the plaintiff, Cecil Robb Fuller, on his claim and against the defendants, Harry Morris Angel and Jane Doe Angel, on their counterclaim. Defendants appeal the court's judgment.

The facts found by the trial court are that late at night on September 21, 1967, appellant husband was driving south on Boren Avenue, which consists at the point in question of two northbound and two southbound lanes. The car ran out of gas, stopping in the curb lane in which parking was prohibited. Appellant husband then went for fuel without arranging a signal to warn others of the stalled automobile.

At this time, respondent was driving his small car south on the inside lane of Boren Avenue following another small vehicle. He signaled to change lanes, looked to the rear, and

as he was changing lanes looked forward and saw appellants' car 75 to 100 feet away. The court found:

## IV

That plaintiff was traveling in the lane nearest the center line at a speed approximated by him as between 25 to 30 miles per hour and he came upon a slower moving Volkswagen automobile. The plaintiff then signaled to his right to change lanes, looked to his rear, started to change lanes from the center to the curb lane, and as he was changing lanes he looked forward and saw the defendant's car at a distance approximated by him from 75 to 100 feet away.

## V

That at no time prior to passing the Volkswagen automobile did plaintiff look ahead in the curb lane of traffic except as set forth in Paragraph IV above.

## VI

When plaintiff looked ahead he was changing lanes and when he was in the curb lane he was confronted with the decision to pull to the right, which he could not because of the curb; or pull to the left, which he could not because of the Volkswagen on his left, and he therefore attempted to "squeeze" his foreign automobile between the Volkswagen on the left and the parked car of the defendant on the right.

There was substantial evidence that appellant husband was negligent. *Keller v. Breneman,* 153 Wash. 208, 279 P. 588, 67 A.L.R. 92 (1929). The only problem in the case concerns the conclusion of law that respondent was not guilty of contributory negligence when he decided to squeeze between the Volkswagen and appellants' vehicle. Appellants contend that respondent was negligent in not returning to his original lane of traffic when he saw "as he was changing lanes" that the passing lane was blocked a distance of 75 to 100 feet away, rather than continuing to a point in the passing lane where he could move neither to the right nor left, but was required to attempt to "squeeze" through.

It is true that if respondent did have the oppor-

tunity to return to his original lane at the time he saw appellants' parked vehicle, he would have had a duty to do so. RCW 46.61.115(2). The court is not required to enter a finding that a certain fact has not been established; it need only find those facts which it determines have been established by the evidence. *General Indus., Inc. v. Eriksson*, 2 Wn. App. 228, 467 P.2d 321 (1970). Appellants had the burden of proving by a preponderance of evidence that respondent was guilty of contributory negligence. *Boyle v. Lewis*, 30 Wn.2d 665, 193 P.2d 332 (1948). The court did not find that the appellants sustained that burden.

The judgment is affirmed.

HOROWITZ, C.J., and UTTER, J., concur.