MELVIN VINCENT, *Plaintiff*, v. PARKLAND LIGHT & POWER
CO., INC., *Appellant*, PACIFIC LUTHERAN UNIVERSITY,
INC., *Respondent*.

*Roy J. Moceri* and *William R. Hickman* (of *Reed, Mc-Clure, Moceri & Thonn*), for appellant.

*Robert W. Thomas* (of *Lane, Powell, Moss & Miller*), for respondent.

PEARSON, J.—This appeal raises the question of whether attorney's fees are properly awarded in an action for common-law indemnity. The parties to this appeal, Parkland Light & Water Co., Inc. and Pacific Lutheran University, Inc., successfully defended a personal injury action brought by plaintiff, Melvin Vincent.

Vincent, an employee of PLU, had claimed injuries from coming in contact with a bare wire connection leading into a building on which he was working. He claimed negli-

gence of Parkland Light & Water Co., for failing to insulate the wire as required by the state electric code, and PLU for failure to discover the defect. A jury disallowed his claim and he is not a party to this appeal.

Pacific Lutheran University cross claimed against Parkland seeking common-law indemnity. The cross claim alleged:

That if judgment be rendered in this action against cross-claimant, its liability is passive and secondary and exists because of the breach of contract and warranty and/or the active and primary negligence of Parkland Light & Power Company Inc. and therefore cross-claimant should have judgment over and against Parkland Light & Power Company Inc. for defense costs (including reasonable attorney fees) and indemnity in the amount of any judgment that may be rendered against cross-claimant in this action.[1]

PLU's prayer for relief provides:

That if judgment be rendered for plaintiff aginst this defendant or any of them, this defendant has judgment over against Parkland Light & Power Company, Inc., in the amount of the judgment rendered against this defendant, . . . together with their costs and expenses of defense.

By stipulation, the two defendants agreed that the cross claim for indemnity would be tried to the court after completion of the trial on plaintiff's complaint. At a post-trial hearing no additional testimony was presented to the trial judge who had presided over the jury trial. However, the time records of PLU's attorney were admitted and extensive argument ensued pertaining to the award of attorney's fees.

The trial court found, among other things, that Parkland was actively negligent, PLU was not negligent, and that the costs and attorney's fees incurred by PLU were proxi-

---

[1] We are advised that tender of defense was made by PLU but Parkland refused it. This was not in the record, and neither party relies upon it. Thus, we do not reach the issue of whether or not a tender and refusal was necessary for respondent to sue for indemnification of costs and attorney's fees.

mately caused by Parkland's failure to insulate the electrical connections. Judgment of $1,100.93 costs and $5,000 attorney's fees was subsequently entered from which Parkland appeals.

Parkland first contends that the indemnity award exceeds the prayer in that the cross claim asked for relief only *if* judgment was rendered against PLU. It is our opinion, however, that the original cross complaint was amended to conform with the evidence. The parties stipulated that, after the jury trial, a hearing on the cross complaint would be held, and the hearing did occur without any objection from Parkland. *See* CR 15(b)[2].

Regarding attorney's fees, it is the general rule that, in the absence of contract, statute or recognized ground of equity, a court has no power to award an attorney's fee as a part of the costs of litigation. *State ex rel. Macri v. Bremerton*, 8 Wn.2d 93, 111 P.2d 612 (1941). However, a narrow exception to this rule has been established in this state. The Supreme Court has held that when the natural and proximate consequences of a wrongful act by defendant involve plaintiff in litigation with others, there may be a recovery of damages for the reasonable expenses incurred in the litigation, including compensation for attorney's fees. *Wells v. Aetna Ins. Co.*, 60 Wn.2d 880, 376 P.2d 644 (1962). The original suit generating the expenses must be instituted by a third party not connected with the initial wrongful act. *Armstrong Constr. Co. v. Thomson*, 64 Wn.2d

[2]"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

191, 390 P.2d 976 (1964). Clearly, Vincent fell into that third party category.

Parkland agrees that the narrow exception does exist, but argues that its negligence was not the proximate cause of respondent's expenses. It contends that Vincent never touched the wire connection, and therefore, the lawsuit by Vincent was spurious and a supervening cause of respondent's costs and fees. It is claimed that the trial judge was also of the opinion that Vincent never touched the wire, as the findings entered say "allegedly touched."

We do not agree that the trial court's use of the phrase "allegedly touched" is tantamount to a finding that Vincent did not touch the exposed wire. The jury returned a general verdict and the trial court's finding only reflected the fact that the basis of the defense verdict was not known.[3] Parkland is correct in stating that a court is not required to enter a finding that a certain fact has not been established. *Fuller v. Angel*, 5 Wn. App. 39, 485 P.2d 620 (1971). However it does not follow from the trial court's failure to enter a finding that Vincent did not touch the wire, that the court was deciding that, in fact, he had not.

In any event, the critical finding and conclusion was that Parkland's negligence in failing to insulate the wire was the proximate cause of PLU's expenses. There is substantial evidence to support that conclusion. If the wire had been properly insulated, there certainly would have been no lawsuit against PLU for failure to discover the defect. It is our view that the record does not show that Vincent's suit was spurious and a supervening cause of respondent's expenses.

Judgment affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied December 15, 1971.

Review denied by Supreme Court January 14, 1972.

---

[3]Vincent's contributory negligence was submitted to the jury. Also, the jury could have decided that Vincent's physical condition was not a product of the incident for which he brought suit.