[No. 1570-1. Division One. August 20, 1973.]

ROBERT J. KOCH et al., Plaintiffs, v. THE CITY OF SEATTLE, Appellant, FORD MOTOR COMPANY, Respondent.

Reed, McClure, Moceri & Thonn, William R. Hickman, and Jerry E. Thonn, for appellant.

Merrick, Hofstedt & Lindsey and James M. Lindsey, Jr., for respondent.

HOROWITZ, J.—Plaintiffs Koch sued the City of Seattle and Ford Motor Company alleging the negligence of each defendant proximately caused plaintiffs' injuries. The sole question on appeal is whether in such a case the manufacturer of a vehicle, a defect in which is the sole cause of plaintiffs' injuries, must pay the reasonable defense costs and expenses of the innocent purchaser of that vehicle who is joined as a codefendant. The trial court ruled against such recovery. We reverse.

Plaintiffs Koch sued defendants City of Seattle and Ford Motor Company for damages resulting from the city's operation of a Ford truck manufactured by the Ford Motor Company. Plaintiffs' complaint alleged plaintiffs' injuries were proximately caused by the negligence of the city in the operation of the truck and by the negligence of Ford in manufacturing the truck with a design defect in the truck's universal joint. The city tendered the defense of the action against it to Ford, but Ford refused the tender. The city filed a cross claim against Ford Motor Company for indemnity against any judgment plaintiff might obtain and for costs of the defense, including reasonable attorney's fees. The court found the City of Seattle was not negligent in the operation or maintenance of the truck and that the sole proximate cause of plaintiffs' injuries was a defect in the universal joint of the truck manufactured by Ford. The court further found that:

> As a proximate result of the failure of the universal joint the City of Seattle was required to repair the vehicle at a cost of $267.00 and incurred reasonable and nec-

essary costs and attorneys' fees in the amount of $2,062.90.

■ The court awarded the city judgment against Ford for $267, but refused to hold Ford liable for the city's costs and attorney's fees incurred by the city in its defense of the action against itself. The city appeals the disallowance of its claim for costs and fees. We hold the city entitled to prevail under the doctrine of common-law indemnity applied in *Vincent v. Parkland Light & Power Co.*, 5 Wn. App. 684, 491 P.2d 692 (1971). There Vincent, an employee of Pacific Lutheran University, Inc., brought an action against it and Parkland Light & Power Co., Inc. to recover for injuries he sustained by coming in contact with a bare wire connection leading into the university's building on which he was working. Parkland was negligent because it violated the state electric code in failing to insulate the wire involved. Pacific Lutheran University, Inc. was negligent in failing to discover the defect. The trial court found that Parkland was actively negligent because of its failure to insulate the wire, and that the university was not negligent. It entered judgment against Parkland in favor of the university for the latter's costs and attorney's fees incurred in the litigation. The judgment was affirmed by the Court of Appeals. The court said:

> Regarding attorney's fees, it is the general rule that, in the absence of contract, statute or recognized ground of equity, a court has no power to award an attorney's fee as a part of the costs of litigation. *State ex rel. Macri v. Bremerton,* 8 Wn.2d 93, 111 P.2d 612 (1941). However, a narrow exception to this rule has been established in this state. The Supreme Court has held that when the natural and proximate consequences of a wrongful act by defendant involve plaintiff in litigation with others, there may be a recovery of damages for the reasonable expenses incurred in the litigation, including compensation for attorney's fees. *Wells v. Aetna Ins. Co.,* 60 Wn.2d 880, 376 P.2d 644 (1962). The original suit generating the expenses must be instituted by a third party not connected with the initial wrongful act. *Armstrong Constr. Co. v. Thomson,* 64 Wn.2d 191, 390 P.2d 976 (1964). Clearly, Vincent fell into that third party category.

5 Wn. App. at 686-87.

The decision in *Vincent v. Parkland Light & Power Co.*, *supra*, applies the doctrine of common-law indemnity long recognized in this state. *Sigman v. Stevens-Norton, Inc.*, 70 Wn.2d 915, 425 P.2d 891 (1967); *Wells v. Aetna Ins. Co.*, 60 Wn.2d 880, 376 P.2d 644 (1962); *Longview School Dist. 112 v. Stubbs Elec. Co.*, 160 Wash. 465, 295 P. 186 (1931); *Murphy v. Fidelity Abstract & Title Co.*, 114 Wash. 77, 194 P. 591 (1921); *Curtley v. Security Sav. Soc'y*, 46 Wash. 50, 89 P. 180 (1907).

■ The significance of the presence of active and passive negligence is pointed out in *Rufener v. Scott*, 46 Wn.2d 240, 280 P.2d 253 (1955), wherein the court stated:

It is the general rule that there is no right of indemnity between joint tort-feasors. *Duncan v. Judge*, 43 Wn. (2d) 836, 264 P. (2d) 865. However, if the tort-feasors are not *in pari delicto*, and the negligence of one is primary or active, and the negligence of the other is passive, resulting in injury to a third person, and the one guilty of passive negligence is required to answer in damages to the third person, he is entitled to indemnity from the wrongdoer guilty of primary negligence. For example, A sells defective equipment to B, and B, without knowledge of the defect, injures C by the use of the equipment. B is liable in damages to C because he has injured him, but B is entitled to indemnity from A. The rule is stated in 27 Am. Jur. 467, Indemnity, § 18:

"But the operation of this rule against recourse is greatly circumscribed, with the result that one constructively liable for a tort is generally held entitled to indemnity from the actual wrongdoer, regardless of whether liability is imposed on the person seeking indemnity by statute or by rule of the common law, and irrespective of the existence of an express contract to indemnify. Accordingly, it has been stated that a person who, without fault on his own part, has been compelled to pay damages occasioned by the primary negligence of another is entitled to indemnity from the latter, whether contractual relations exist between them or not. In this connection it has been observed that where one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability and suffers damage, the rule denying contribution or indemnity between joint tort-feasors does not apply, the parties not being in pari

delicto as to each other, though either may be held liable as to third persons."

46 Wn.2d at 242-43.

Ford contends, however, it is not liable because Ford, under the allegations of the complaint, had no duty to accept the tender of defense of the plaintiffs' action against the city and Ford. The complaint alleges the city was negligent in its operation of the Ford truck. Ford argues it was the city's duty, not Ford's duty, to defend against this claim of negligence.

Ford's contention seeks to make the application of the doctrine of common-law indemnity in the case here depend upon the allegations of the complaint rather than upon the proof of Ford's sole negligence binding upon Ford as a party to the litigation to which Ford and the city were appearing parties. Even if we were to assume that Ford's contention is otherwise soundly based, it is inapplicable to the facts here. Ford's contention fails to distinguish between a duty to defend an action and a duty to pay a judgment entered therein. The complaint put Ford on notice the proof of negligence might show the plaintiffs' injuries were caused (1) solely or partly by the defect in the Ford truck, or (2) solely or partly by the negligence of the city in operating the vehicle. Ford, upon receipt of the city's tender of defense, was placed in a dilemma. It was not its duty to defend against a claim of active negligence by the city. If, however, the evidence should show the city was not negligent or that, as between the city and Ford, the city was merely passively negligent, Ford under the doctrine of common-law indemnity would be required to pay the city's reasonable costs and attorney's fees under the Washington law.

Had Ford taken over the tendered defense, it would have been placed in a conflict-of-interest position. It was to Ford's economic interest to establish the injuries were caused by the city's active negligence in the operation of the truck and not by the defect in the front universal joint of the truck. Faced with this potential conflict of interest and not knowing what the proof would ultimately show, Ford might have arranged for the city to defend against all claims of negligence under an arrangement with the city to

pay an agreed or equitable portion of the city's costs and attorney's fees. *See Waite v. Aetna Cas. & Sur. Co.*, 77 Wn.2d 850, 467 P.2d 847 (1970). Alternatively, Ford might have taken over the defense with or without an agreement from the city that Ford would do so until it reasonably appeared that the city was actively negligent or that Ford was otherwise under no duty to continue the defense. *Cadwallader v. New Amsterdam Cas. Co.*, 396 Pa. 582, 152 A.2d 484, 72 A.L.R.2d 1242 (1959). In that case the court said:

". . . the injured party might conceivably recover on a claim, which, as he had alleged it, was outside the policy; but which, as it turned out, the insurer was bound to pay. Such is the plasticity of modern pleading that no one can be positive that that could not happen. In such a case of course the insurer would not have to defend; yet, even then, as soon as, during the course of the trial, the changed character of the claim appeared, we need not say that the insured might not insist that the insurer take over the defence. When, however, *as here, the complaint comprehends an injury which may be within the policy, we hold that the promise to defend includes it.*

"It follows that, if the plaintiff's complaint against the insured alleged facts which would have supported a recovery covered by the policy, it was the duty of the defendant to undertake the defense, until it could confine the claim to a recovery that the policy did not cover. . . ."

396 Pa. at 589-90.

In the instant case the court found after trial that the city was not negligent at all and that Ford was solely negligent. The city would not have incurred costs and attorney's fees but for Ford's sole and active negligence. *Vincent v. Parkland Light & Power Co.*, *supra*, applies.

The judgment is reversed with directions to enter judgment in favor of the City of Seattle against Ford Motor Company for the sums disallowed.

Swanson, C.J., and Farris, J., concur.

Petition for rehearing denied October 30, 1973.

Review denied by Supreme Court December 18, 1973.