[No. 1393-2.    Division Two.    January 27, 1976.]

THOMAS L. STOLZ, ET AL, *Respondents*, v. ROLLIE A. McKOWEN, ET AL, *Appellants*, FORD MOTOR COMPANY, *Respondent.*

*Bradford M. Gierke* and *Johnson, Metzler & Gierke*, for appellants.

*Clifford L. Stilz, Jr., Don W. Taylor, Fristoe, Taylor & Schultz, H. Roland Hofstedt,* and *Merrick, Hofstedt & Lindsey,* for respondents.

PEARSON, J.—Plaintiff, Thomas L. Stolz, was injured when his vehicle collided head on with a Sani-Safe, Inc.-

owned 1969 Ford truck driven by Rollie A. McKowen, which crossed the center line of a state highway in Pierce County. Action was commenced against McKowen, Sani-Safe, Inc., and Ford Motor Company, the manufacturer of the Sani-Safe truck. A Pierce County jury granted judgment against Sani-Safe, Inc., and McKowen, but denied recovery against Ford Motor Company. Sani-Safe and McKowen appeal. Ford Motor Company cross-appeals from a ruling denying its claim that costs and reasonable attorney's fees should be assessed against its codefendants. We affirm the judgment in all respects.

It should be noted initially that McKowen acknowledged the collision was in plaintiff's lane of traffic, but claimed a steering failure as the cause. Because of this defense, McKowen and Sani-Safe sought indemnity from Ford and the latter countered with a claim for indemnity against McKowen and Sani-Safe, including the claim for costs and attorney's fees.

It should also be noted that the jury was instructed to find for plaintiff on the issue of liability against either McKowen and Sani-Safe, or Ford Motor Company, depending on its determination of the products liability issue. No exception was taken to this instruction, and it became the law of the case. *See Naranen v. Harders,* 1 Wn. App. 1014, 466 P.2d 521 (1970).

The appeal in chief attacks the propriety of two evidentiary rulings, one instruction given by the trial court, and the refusal of the trial court to give an instruction on the emergency doctrine.

We find no abuse of discretion in the two evidentiary rulings. The first concerned appellants' attempt to exclude the testimony of a Ford Motor Company expert, Calvin Cummings. This witness failed to attend a scheduled deposition in Detroit 4 days prior to the trial; he was in New York at the time. As an alternative, counsel for Ford agreed to and did produce Cummings for a deposition in Tacoma on the day prior to the commencement of the trial. Appellants' counsel agreed to the change and fully deposed

Cummings. This was not a blatant refusal of discovery which would make mandatory the exclusion sanction provided in CR 37(d). Frequently, witnesses are unavailable for depositions scheduled on 5 days' notice. The usual procedure is for the witness to be produced, as was done here, when he is available. If the witness cannot be timely produced, it is incumbent upon the counsel seeking the pretrial deposition to seek a continuance or the assistance of the court in mandating the attendance. We think appellants waived any objection by consenting to the new agreed time and failing to seek a continuance, if one were required. Furthermore, we hardly see how appellants were prejudiced by 3 days' delay in the deposition when the witness did not testify until the sixth day of the trial. In our view, the trial court's ruling was proper. *See Reid Sand & Gravel, Inc. v. Bellevue Properties,* 7 Wn. App. 701, 502 P.2d 480 (1972). *See Barci v. Intalco Aluminum Corp.,* 11 Wn. App. 342, 351, 522 P.2d 1159 (1974), where the court stated:

> Where pretrial discovery rules have been violated, the court may penalize the offender under CR 37. . . . However, a trial court should not exclude testimony unless there is a showing of intentional or tactical nondisclosure, of willful violation of a court order, or the conduct of the miscreant is otherwise unconscionable.

The second challenged ruling must also be affirmed. Over appellants' objection, Ford Motor Company was allowed to call an expert, Martin Ekonen, whose name had not been given as a potential witness in response to appellants' continuing interrogatories. Ford's counsel explains that the witness' testimony became necessary because appellants' expert had interjected a new theory of defective design of the steering mechanism into appellants' case in chief. In order to ascertain the merits of appellants' contention or to measure the prejudice of the court's ruling, a consideration of the entire testimony pertaining to Ford's potential products liability would be required. Appellants elected to bring this appeal on a short record which contains only portions

of the testimony of its expert. We are unwilling to find that the trial court abused its discretion without considering all of the evidence pertaining to the issue in question.

We are also handicapped for lack of a record in considering the assignments of error relating to instructions. Normally, whether or not an instruction on a particular issue should be given depends upon its evidentiary foundation. Without a record of the evidence before us, we must assume either that the facts support an instruction on an issue or that a proposed instruction was rejected because of a lack of evidentiary foundation.

■ As an abstract proposition however, we find no error in the court's instruction No. 12. That instruction informed the jury that proof of a prolonged injury-free use of the truck did not of itself preclude the finding of a defect in manufacture, but was a factor the jury could consider in making its determination. The instruction was substantially in accord with this court's views in *Bombardi v. Pochel's Appliance & TV Co.*, 9 Wn. App. 797, 515 P.2d 540 (1973), *reaff'd as modified*, 10 Wn. App. 243, 518 P.2d 202 (1973).

■ The emergency doctrine instruction proposed by appellants was also properly refused as an abstract proposition. McKowen's defense was that he lost control of the car by steering failure. Thus the accident was unavoidable as to him. The emergency doctrine applies only where, because of other factors outside of his control, an actor has an emergency which compels him to choose in a very short time between alternative courses of action. He will not be deemed negligent because of his choice. *See Locker v. Sammons Trucking Co.*, 10 Wn. App. 899, 520 P.2d 939 (1974). Here McKowen had no choice. His defense was not the emergency doctrine, but that the accident was unavoidable as to him.

We consider finally the cross-appeal of Ford Motor Company pertaining to its claim for attorney's fees against Sani-Safe, Inc., and McKowen. Ford claims that under the decision of this court in *Vincent v. Parkland Light & Power Co.*, 5 Wn. App. 684, 491 P.2d 692 (1971) and *Koch*

*v. Seattle*, 9 Wn. App. 580, 513 P.2d 573 (1973), reasonable attorney's fees should have been allowed. We disagree. Those cases were properly distinguished in *Manning v. Loidhamer*, 13 Wn. App. 766, 538 P.2d 136 (1975). In *Vincent v. Parkland Light & Power Co., supra*, the facts presented a typical case of common-law indemnity where consequential damages for attorney's fees are allowed. There Parkland Light & Power Company was charged with failing to insulate an electrical wire with which plaintiff came in contact. This was a charge of active negligence. The codefendant, Pacific Lutheran University, was charged with negligence for failure to discover the defect created by Parkland, an act of passive negligence. There was no question in that case that Parkland Light & Power had not properly insulated the wire in question, and that this failure involved PLU in the lawsuit with plaintiff.

In *Koch v. Seattle, supra*, Ford Motor Company's manufacture of a defective truck was adjudged to be the sole cause of plaintiff's injuries. The city employee who was charged with negligent operation was fully exonerated. It was thus apparent to the court that Ford's wrongful act involved the city in litigation and that common-law indemnity principles were applicable as in *Vincent v. Parkland Light & Power Co., supra*.

■ In the case at bench the defendants were alleged to be in pari delicto. Both Sani-Safe and Ford were charged with separate wrongs against plaintiff: Sani-Safe for negligent operation of the truck, and Ford for defective manufacture. It is true that had Ford been held solely responsible for plaintiff's injuries, *Koch v. Seattle, supra*, and *Vincent v. Parkland Power & Light Co., supra*, would require that Sani-Safe and McKowen be allowed attorney's fees against Ford. Under those circumstances, Ford's wrongful act or omission toward Sani-Safe in supplying the defective product would have exposed Sani-Safe to the litigation. *Manning v. Loidhamer, supra*. But in this case McKowen's negligent operation of Sani-Safe's truck was not the breach of any legal duty owed to Ford, but only to plaintiff. Like-

wise, plaintiff was a party to that act. Consequently, the first and third requirements for common-law indemnity are missing. As pointed out in *Manning v. Loidhamer, supra* at 769:

> Three elements are necessary to create liability [for attorney's fees and reasonable expenses incurred in the litigation]: (1) a wrongful act or omission by A [Sani-Safe] toward B [Ford]; (2) such act or omission exposes or involves B [Ford] in litigation with C [plaintiff]; and (3) C [plaintiff] was not connected with the initial transaction or event, *viz.*, the wrongful act or omission of A [Sani-Safe] toward B [Ford].

We are in accord with this analysis. Ford was exposed to this lawsuit by plaintiff's election to sue it on a products liability theory, and not because Sani-Safe or McKowen committed any wrongful act toward Ford. Accordingly, the claims for reasonable attorney's fees and reasonable expenses of litigation were properly rejected.

Judgment is affirmed. Plaintiff is allowed costs on appeal against appellants. Cross-appellant, Ford Motor Company, is allowed two-thirds of its costs on appeal against appellants.

PETRIE, C.J., and REED, J., concur.