[No. 3618–II.   Division Two.   December 31, 1980.]

DAVID E. GLENN, ET AL, *Appellants*, v. DON
BROWN, *Respondent*.

*Dan Glenn,* for appellants.

*Thomas A. Brown,* for respondent.

PETRIE, J.—Plaintiff appeals from a judgment dismissing his complaint for damages, following a defense verdict in a personal injury action. He assigns error to several of the court's instructions to the jury and to the court's refusal to admit the letters of a consulting physician who evaluated Mr. Glenn's condition. We hold the jury was improperly instructed on defendant's duty toward plaintiff and, therefore, reverse and remand for new trial.

The parties' recollection of the facts surrounding the accident differ, but some conclusions can be drawn from the record. In September 1974, plaintiff, who was then employed as a car salesman, took a vehicle to defendant's car wash to have it cleaned prior to showing it to a potential customer. On seeing the wash was not operating, plaintiff parked the vehicle several yards in front of the wash entrance. He then left the vehicle to talk to a repairman who was working inside the car wash building.

The wash is a series of sprayers and brushes housed in a building. Cars are pulled through the wash mechanically and guided by a metal tire guide. Running parallel and adjacent to the tire guide is a series of metal plates, flush with the ground when properly in place, which cover a sump housing machinery. The guides precede the entrance to the car wash building by several yards. An alley provides public access to the facility at all times.

After talking to the repairman, plaintiff proceeded to a nearby cashier building, traversing the metal plate track. The plates "gave way" and Mr. Glenn fell into the sump sustaining physical injury.

Plaintiff filed a complaint for damages against the owner of the car wash, and the jury returned a special verdict form finding defendant not negligent. Plaintiff appeals.

■ Initially, we address the court's instruction to the jury on a temporary unsafe condition.[1] Defendant suggests we consider any error waived because plaintiff submitted this instruction to the court. We decline. At the close of the trial plaintiff recognized that this temporary unsafe condition instruction was not supported by the evidence and urged the court to withdraw it from the jury's consideration. He cannot be held bound by an instruction initially presented as a packet for the court's enlightenment for potentially appropriate instructions.

■ The evidence must raise more than a mere possibility before a theory can be submitted to the jury. *Board of Regents v. Frederick & Nelson,* 90 Wn.2d 82, 579 P.2d 346 (1978). In the instant case, the evidence does not rise above speculation that a third party had created the condition. The evidence establishes mere public access to the area. That is not sufficient to warrant giving such an instruction. Like the court in *Hampton v. Lynch Motor Co.,* 6 Wn. App. 644, 495 P.2d 345 (1972), we cannot allow the instruction when there is no evidence that someone other than defendant or his employees created the condition.

■ Defendant suggests that any error should be deemed harmless as plaintiff could argue his theory of the case

---

[1]The court gave the jury the following instruction:

"In order to support a finding of negligence, a temporary unsafe condition of the premises which was not created by the defendant, or defendant's employees, which was not caused by negligence on defendant's part must either have been brought to the actual attention of defendant or defendant's employees or it must have existed for a sufficient length of time and under such circumstances that defendant or defendant's employees should have discovered it in the exercise of ordinary care."

under the remaining instructions, including the general landowner/occupier duty instruction.[2] We reject this rationale. The erroneous instruction implied that a third party had created the condition and defendant's duty did not arise until he knew of, had reason to know of, or should have discovered the unsafe condition. The combination of the landowner/occupier duty and temporary unsafe condition instructions substantially lowered defendant's duty to keep the premises safe to simply a duty to make it safe on discovery of a defect not created by defendant or his employees. The giving of the instruction, absent substantial evidence to support it, is prejudicial error warranting reversal. *Haynes v. Moore,* 14 Wn. App. 668, 545 P.2d 28 (1975).

Although not necessary to our disposition, we address those issues raised on appeal which are likely to reappear on remand to the trial court.

■ Plaintiff assigns error to the trial court's refusal to give his requested instruction on defendant's duty not to create a dangerous condition. No error was committed by refusing the instruction as plaintiff could effectively argue his theory of the case from the landowner/occupier duty instruction which the court did present to the jury. *See Van Cleve v. Betts,* 16 Wn. App. 748, 559 P.2d 1006 (1977).

Error is also assigned to the court's instruction on plaintiff's duty to exercise reasonable care to avoid injury to himself. Plaintiff contends it is not supported by the evidence. The testimony indicates that Mr. Glenn was walking in an area where car wash machinery posed an apparent hazard to foot traffic. The jury was properly instructed on the issue. *Langan v. Valicopters, Inc.,* 88 Wn.2d 855, 567 P.2d 218 (1977).

---

[2]"The operator of a[n] automobile carwash and service station owes to a person who has an expressed or implied invitation to come upon the premises in connection with that business a duty to exercise ordinary care for his safety. This includes the exercise of ordinary care to maintain in a reasonably safe condition those portions of the premises which such a person is expressly or impliedly invited to use, or which he might reasonably be expected to use."

■ Finally, we address the court's refusal to admit letters of a consulting physician addressed to plaintiff's primary treating physician. The content is essentially diagnostic and relates facts and conditions observed by the physician, including his conclusion that plaintiff sustained a torn medial meniscus in his right knee. As such, the letters should have been admitted under The Uniform Business Records as Evidence Act, RCW 5.45.020. *Young v. Liddington*, 50 Wn.2d 78, 309 P.2d 761 (1957). However, one of the letters also contains a statement which arguably could be interpreted as an expression of an opinion that plaintiff's knee injury was caused by his fall into the sump in 1974. The trial court's ruling simply indicates an assessment of the need for cross–examination of the record's author because no attempt was made to segregate the potentially inadmissible portions of the letter from those which are admissible. The court does not appear to have abused its discretion. *Johnson v. Mobile Crane Co.*, 1 Wn. App. 642, 463 P.2d 250 (1969).

Judgment is reversed with direction to grant a new trial.

REED, C.J., and PETRICH, J., concur.

Reconsideration denied March 13, 1981.

Review denied by Supreme Court May 8, 1981.