[No. 10085-8-I. Division One. August 4, 1982.]

FRANK COYLE, ET AL, *Appellants*, v. MUNICIPALITY
OF METROPOLITAN SEATTLE, *Respondent.*

*Charles W. Mertel* and *Stephen Larson,* for appellants.

*Robert W. Freedman,* for respondent.

RINGOLD, J.—Plaintiffs Mary Coyle and Frank Coyle appeal the judgment entered following a jury verdict in favor of defendant Municipality of Metropolitan Seattle (Metro). We reverse and remand for a new trial.

Mary Coyle was injured on November 26, 1976, while a passenger on a Metro bus. In 1979 the Coyles brought an action against Metro for damages suffered due to the driver's negligence. Following a jury verdict for the defendant, the trial court denied plaintiffs' alternative motions for judgment n.o.v. and for a new trial and entered judgment dismissing the complaint with prejudice.

The Coyles' sole contention on appeal as recited in their brief is:

> Having instructed the jury that the respondent Metro is a common carrier, did the trial court commit prejudicial error by giving an instruction which generally defines negligence as the failure to exercise ordinary care, while at the same time giving another instruction which specifically defines the common carrier's duty to use the highest degree of care?

As a preliminary matter, Metro argues that the record on appeal is inadequate to allow proper review of the question presented. The Coyles designated a partial report of proceedings consisting only of plaintiffs' and defendant's exceptions to the jury instructions; the clerk's papers consist of the complaint, answer, trial briefs, verdict, motions, and judgment, as well as the instructions given to the jury and the plaintiffs' requested and proposed supplemental

instructions. Pursuant to RAP 9.2(c), Metro moved below to compel the Coyles to supplement the record on appeal with the testimony of certain witnesses at trial. The trial court ruled that supplementation of the record by the Coyles was not necessary. Metro has not appealed this order.

In *Potts v. Nelson,* 36 Wn.2d 764, 220 P.2d 544 (1950) and *Stolz v. McKowen,* 14 Wn. App. 808, 545 P.2d 584 (1976), relied on by Metro, the appellate court refused to consider an allegation that a given instruction *was not supported by the evidence* where the evidence was not brought before the court on appeal. The Coyles, however, do not argue that the evidentiary foundation for an instruction was absent. Rather they contend that the definition of negligence as the failure to exercise ordinary care was inconsistent with the instruction defining negligence as a breach of the carrier's duty to exercise the highest degree of care.

 Our resolution of this issue does not necessitate a review of the evidence to determine whether the alleged error was prejudicial. The controlling rule is: "where instructions inconsistent and contradictory are given involving a material point in the case, their submission to the jury is prejudicial, for the reason that it is impossible to know what effect they may have upon the verdict." *Babcock v. M. & M. Constr. Co.,* 127 Wash. 303, 306, 220 P. 803 (1923). *Accord, Atkins v. Clein,* 3 Wn.2d 168, 100 P.2d 1, 104 P.2d 489 (1940); *Smith v. Rodene,* 69 Wn.2d 482, 418 P.2d 741 (1966); *Hall v. Corporation of Catholic Archbishop,* 80 Wn.2d 797, 498 P.2d 844 (1972). If Metro wished to argue on appeal that presumptively prejudicial error was harmless, Metro could have furnished the additional record necessary for that purpose. RAP 9.2(c). *See Smith v. Rich,* 47 Wn.2d 178, 286 P.2d 1034 (1955).

Metro next contends that the Coyles did not preserve the alleged instructional error for review on appeal. The partial verbatim report, however, is sufficient to show an adequate exception:

MR. MERTEL: Very good. The problem I have begins with the Court's proposed instruction number five, your Honor. I handed in this morning, as you directed us to, any new instructions. I went back to the office last night and my concern suddenly drew [*sic*] as to the fact we will be instructing on highest degree of care, but we go into the instruction in an instruction on ordinary care, which I submit to the Court has no place in this proceeding, or at least it's confusing, so I attempted to draft for the Court a definition taken out of the cases of highest degree of care. I think the Court at least, whether he agrees with me or not, appreciates what I am struggling with here. At one point we say they have the highest degree of care and we turn right around and that would be the Court's instruction twelve or—

THE COURT: I assume you are objecting to the third paragraph of Court's proposed number five?

MR. MERTEL: Yes, I am. The definition of negligence and the following definition of ordinary care all of which are appropriate WPI instructions; I submit to the Court that they are wrong for this case. Okay.

THE COURT: Exception is noted.

 The fact that the Coyles themselves proposed WPI 10.01, defining negligence in terms of ordinary care, does not preclude them from subsequently urging the court not to so instruct. A plaintiff is not bound by instructions "initially presented as a packet for the court's enlightenment". *Glenn v. Brown*, 28 Wn. App. 86, 88, 622 P.2d 1279 (1980).

We turn, therefore, to the merits of the appeal. The Coyles claim that the following two instructions were inconsistent, erroneous, and confusing to the jury:

When it is said that a party has the burden of proof on any proposition, or that any proposition must be proved by a "preponderance" of the evidence, or the expression, "if you find" is used, it means that you must be persuaded, considering all the evidence in the case that the proposition on which he has the burden of proof is more probably true than not true.

The term "proximate cause" means a cause which in a direct sequence, unbroken by any new independent cause, produces the injury complained of and without which such injury would not have happened.

*Negligence is the failure to exercise ordinary care.* It is the doing of some act which a reasonably careful person would not do under the same or similar circumstances or the failure to do something which a reasonable [*sic*] careful person would have done under the same or similar circumstances.

*Ordinary care means the care a reasonably careful person would exercise under the same or similar circumstances.*

(Italics ours.) Instruction 5. *See* WPI 21.01, 15.01, 10.01, 10.02.

At the time of the occurrence in question, the defendant was a common carrier.

*A common carrier has a duty to its passengers to use the highest degree of care consistent with the practical operation of its type of transportation and its business as a common carrier. Any failure of a common carrier to use such care is negligence.*

However, a common carrier is not a guarantor of the safety of its passengers.

(Italics ours.) Instruction 7. *See* WPI 100.01.

The Coyles argue that it is error to instruct on ordinary negligence when the defendant is a common carrier, citing *Washington v. Seattle,* 170 Wash. 371, 16 P.2d 597, 86 A.L.R. 113 (1932), and contend that the jury, confused by the conflicting definitions of negligence, might have mistakenly held them to the higher burden of proving that the driver failed to use ordinary care. Metro argues that the definition of negligence was necessary since the term appears a total of 10 times in the instructions, and claims that the instructions taken as a whole convey the proper standard to the jury, citing *Anderson v. Harrison,* 4 Wn.2d 265, 103 P.2d 320 (1940).

█ In *Anderson,* a personal injury case against a common carrier, the trial court instructed the jury that negligence is the want of ordinary care and diligence and also instructed that the defendants owed the plaintiff the highest degree of care. The losing plaintiff argued that the "ordinary care" instruction misled the jury as to the applicable standard of care. The Supreme Court disagreed, stat-

ing,

> The court accurately and very meticulously defined "highest degree of care," and in at least four instructions advised the jury that respondents owed appellant that degree of care. We are convinced that the jury was not misled or confused by the instructions on that issue.

*Anderson,* at 270. The *Anderson* court did not approve an instruction defining negligence in terms of ordinary care in a common carrier case, but rather held that the instructions taken as a whole did not confuse the jury. The *Anderson* opinion does not indicate the context in which the ordinary care instruction was given to the jury.

The instructions in the case at bench differ significantly from those given in *Anderson.* No corresponding definition of "highest degree of care" was submitted to the jury. Nor do any other instructions supplement the single common carrier instruction given by the court. The error here is not cured when the instructions are read as a whole.

The definition of negligence couched in terms of ordinary care could only have misled the jury when it tried to apply the law as embodied in instructions such as the following:

> There may be more than one proximate cause of the same occurrence. *If you find that the defendant was negligent* and that such negligence was a proximate cause of injury or damage to the plaintiff, it is not a defense that the act of some other person who is not a party to this lawsuit may also have been a proximate cause.
>
> However, if you find that the operator of Metro's bus, Mr. Bowman *through no negligence of his own,* was compelled to stop the bus he was operating to avoid a collision with another vehicle then your verdict should be for the defendant.

(Italics ours.) Instruction 10.

Metro argues that the definition of ordinary negligence was necessary for it to argue its theory of the case, that the accident was proximately caused by the negligence of another driver. Instruction 10 on that theory of the case, set out above, merely refers to the "act" of a third party, not to "negligence." The only use of "negligence" in

instruction 10 relates to the bus driver, who is held to the same standard of care as his employer, the "highest degree of care compatible with the practical operation" of his bus. *Washington v. Seattle, supra* at 378. The other occurrences of "negligence" in the instructions also relate solely to the conduct of the defendant. If further explication of "negligence" was necessary because of the frequency of its use in the instructions, as Metro urges, then the definition should have been in terms of "highest degree of care," and not "ordinary care."

We hold that the pattern instruction defining negligence as the failure to exercise ordinary care, WPI 10.01, is an erroneous statement of law with regard to the alleged negligence of a common carrier. It conflicts with the pattern instruction defining the negligence of a common carrier as the failure to exercise the highest degree of care, WPI 100.01, and the two should not be given together without explaining the application of each.

The fact that the Coyles may have been able to argue their theory of the case is immaterial here, since the challenged instruction is an erroneous statement of law as applied to a common carrier and was not cured by the other instructions taken as a whole. *See State v. Wanrow,* 88 Wn.2d 221, 236, 559 P.2d 548 (1977). The giving of conflicting and inconsistent instructions on a material issue is prejudicial error requiring reversal. *Babcock v. M. & M. Constr. Co., supra.*

The judgment is reversed and the cause remanded for a new trial.

CALLOW, J., concurs.

WILLIAMS, J. (dissenting)—In *Anderson v. Harrison,* 4 Wn.2d 265, 103 P.2d 320 (1940), the identical contention was made that the jury was misled and confused as to the standard of a bus driver's care because "negligence" was defined in the instructions as: "'the want of ordinary care and diligence.'" *Anderson,* at 270. The Supreme Court held

that the jury was not misled or confused, as it was instructed on the highest degree of care as well. *Anderson,* at 270.

It seems that the confusion in the majority opinion comes from treating the two instructions as "inconsistent and contradictory" rather than as accurate statements of the law. The general rule stated in instruction 5 is that:

> Negligence is the failure to exercise ordinary care. It is the doing of some act which a reasonably careful person would not do under the same or similar circumstances or the failure to do something which a reasonably careful person would have done under the same or similar circumstances.
>
> Ordinary care means the care a reasonably careful person would exercise under the same or similar circumstances.

There is no question that this instruction is correct. The same or similar circumstance is the operation of a motor carrier. This calls for "the highest degree of care" by the operator and was stated in instruction 7 as follows:

> A common carrier has a duty to its passengers to use the highest degree of care consistent with the practical operation of its type of transportation and its business as a common carrier. Any failure of a common carrier to use such care is negligence.

The jury was instructed on the general requirement of the care to be followed and on the exceptional degree of care charged to a common carrier. Counsel could much better argue with both instructions before the jury by comparing the usual standard of care with which they were familiar from everyday experience with the special one of a common carrier. Whether he did is not known because of the appeal on a short record.

In that connection, the majority summarily casts aside the authority of *Anderson* because that "opinion does not indicate the context in which the ordinary care instruction was given to the jury." The context in which the instructions were given to the jury is absent from this case, also.

I would affirm.

Reconsideration denied September 9, 1982.

Review denied by Supreme Court November 22, 1982.